**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40353**

| | | |
|---|---|---|
| WALLY KAY SCHULTZ, | ) | 2013 Opinion No. 69 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 30, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Fuller Law Offices, Twin Falls, for appellant. Daniel S. Brown argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

SCHWARTZMAN, Judge Pro Tem

Wally Kay Schultz appeals from the district court's order summarily dismissing his petition for post-conviction relief and the denial of his motion for reconsideration. Schultz claims his due process rights were violated by the State's failure to disclose information before he pled guilty to possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2007, Schultz pled guilty to possession of methamphetamine, a violation of Idaho Code § 37-2732(c)(1). The district court sentenced Schultz to a determinate term of five years to run concurrently with a sentence in another case.[1] In 2011, Schultz received a letter indicating the Idaho State Police disclosed information potentially relevant to his case. The letter reviewed misconduct that occurred at the Idaho State Police Forensic Laboratory in Pocatello, Idaho.

---

[1] Now six years later, Schultz has fully served his sentence.

Between 2003 and 2011, several forensic scientists maintained an unauthorized box of controlled substances at the Pocatello laboratory. They utilized the undocumented drugs for training and display purposes, and intentionally hid them from auditors. The drugs were unaccounted for and were not maintained according to quality control practices. One of the forensic scientists involved in the misconduct tested the substance in Schultz's case and was on the State's witness list for Schultz's trial. The information contained in the letter had not been disclosed to Schultz before he pled guilty.[2]

Upon learning of the misconduct, Schultz filed a pro se petition for post-conviction relief and was appointed counsel. The State thereafter moved to summarily dismiss Schultz's petition, and attached a sworn affidavit from the Idaho State Police Forensic Services Quality Manager indicating the alleged misconduct did not involve forensic testing, and that the American Society of Crime Laboratory Directors-Lab Accreditation Board was satisfied with the actions taken by the Idaho State Police to resolve the issue. After receiving briefing and hearing argument, the district court granted the State's motion to dismiss and thereafter denied Schultz's motion for reconsideration. Schultz appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state

---

[2] There is no assertion or indication that anyone other than the wayward forensic scientists knew of the misconduct when Schultz pled guilty.

why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to

3

relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A.    **Order Granting Dismissal**

The district court granted the State's motion to summarily dismiss Schultz's petition because the State is not required to disclose *impeachment* evidence before a defendant pleads guilty. Due process does require all material *exculpatory* evidence known to the State or in its possession be disclosed to the defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004). "There are three essential components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Dunlap*, 141 Idaho at 64, 106 P.3d at 390 (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). However, the United States Constitution does not require the State to disclose material impeachment information prior

4

to entering a plea agreement with the defendant. *United States v. Ruiz*, 536 U.S. 622, 633 (2002). In determining the State does not have a duty to disclose, the United States Supreme Court reasoned that "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." *Id.* at 628. On the other hand, where the State fails to disclose exculpatory evidence, "a guilty plea entered in ignorance of those facts may not be knowing and intelligent though it is otherwise voluntary." *State v. Gardner*, 126 Idaho 428, 434, 885 P.2d 1144, 1150 (Ct. App. 1994).

Impeachment evidence "is that which is designed to discredit a witness, i.e., to reduce the effectiveness of [the witness'] testimony by bringing forth evidence which explains why the jury should not put faith in [the witness or the witness'] testimony." *Small v. State*, 132 Idaho 327, 334, 971 P.2d 1151, 1158 (Ct. App. 1998) (quoting *Zimmerman v. Superior Court in and for Maricopa County*, 402 P.2d 212, 215 (Ariz. 1965)). On the other hand, exculpatory evidence is defined as "evidence which clears or tends to clear an accused person from alleged guilt, or excuses that person." *Gibson v. State*, 110 Idaho 631, 633, 718 P.2d 283, 285 (1986); *Baker v. State*, 142 Idaho 411, 422, 128 P.3d 948, 959 (Ct. App. 2005).

At the hearing on the motion to summarily dismiss, Schultz did not attack the forensic scientist's qualifications or the testing done on the substance Schultz possessed. Instead, counsel contended Schultz's right to impeach during trial was lost:

> And just before I sit down, I don't believe I can highlight enough that we're not trying to attack the results of the drug testing, even though we reserve the right to do that. That's something we may do in the future, but we're trying to right the wrong, we're trying to make it such that my client has a right to impeach [the forensic scientist] for his acts of deception that existed during the time he was working on Mr. Schultz's case.

Schultz acknowledged that the undisclosed information was impeachment evidence. Pursuant to *Ruiz*, the State had no obligation to disclose the information before Schultz pled guilty. The district court properly dismissed Schultz's petition for post-conviction relief.

## B.    Motion for Reconsideration

Schultz filed a motion to reconsider under I.R.C.P. 11(a)(2)(B), which the court properly analyzed as a motion to alter or amend a judgment under I.R.C.P. 59(e). *See Ross v. State*, 141 Idaho 670, 671, 115 P.3d 761, 762 (Ct. App. 2005) ("A motion to reconsider a dismissal order properly should be treated as a motion to alter or amend a judgment under I.R.C.P. 59(e)."). We

review an order denying a motion to alter or amend judgment under the abuse of discretion standard. *Straub v. Smith*, 145 Idaho 65, 71, 175 P.3d 754, 760 (2007). Pursuant to I.R.C.P. 59(e), a district court can correct legal and factual errors occurring in proceedings before it. *Straub*, 145 Idaho at 71, 175 P.3d at 760.

Schultz argues that the district court erred in finding that the undisclosed evidence was not exculpatory evidence. He maintains the undisclosed information is essentially exculpatory because the forensic scientist's testimony as a witness is determinative of guilt or innocence. Since the misconduct would impeach the forensic scientist to such a degree that all reliability and credibility would be lost, the jury could not find him guilty because there would be no credible testimony establishing the substance was methamphetamine. Schultz relies on *Giglio v. United States*, 405 U.S. 150 (1972). In *Giglio*, the United States Supreme Court held that failure to disclose impeachment evidence is a potential source of a *Brady* violation in a trial setting. *Giglio*, 405 U.S. at 153-54. However, *Giglio's* application is limited by the United States Supreme Court decision in *Ruiz*. There the Court specifically considered exculpatory impeachment evidence, which Schultz attempts to rely on:

> The constitutional question concerns a federal criminal defendant's waiver of the right to receive from prosecutors *exculpatory impeachment* material--a right that the Constitution provides as part of its basic "fair trial" guarantee. . . . *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed.2d 104 (1972) (exculpatory evidence includes "evidence affecting" witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence").

*Ruiz*, 536 U.S. at 628 (emphasis added). The Court then distinguished the constitutional guarantee to receive impeachment evidence at trial from receiving it before pleading guilty and held that the State does not have the same obligation to disclose where a defendant pleads guilty. *Id.* at 628-33. Characterizing the undisclosed evidence as exculpatory impeachment evidence does not bring Schultz outside the parameters of *Ruiz*. The Constitution simply does not require the government to disclose "material impeachment evidence" prior to entering a plea agreement with a criminal defendant. *Id.* at 633.

Schultz also claims that the evidence is exculpatory because "it is entirely possible that the entire forensic laboratory was contaminated by the unaccounted for controlled substances." In denying Schultz's motion for reconsideration the district court explained:

> Mr. Schultz has presented no evidence to show that [the forensic scientist's] misconduct at the laboratory had any effect on the accuracy of the test

6

results in the underlying criminal case. Although Mr. Schultz speculates that the unauthorized box of controlled substances may have contaminated the entire laboratory, rendering all test results unreliable, there is no admissible evidence before the court to support that conclusion. The subject information may have been used by the defense as impeachment evidence against [the forensic scientist], but it does not tend to negate Mr. Schultz's guilt, excuse his actions, or reduce his culpability. Therefore, it is not exculpatory evidence.

We agree; the undisclosed information is impeachment evidence and pursuant to *Ruiz* the State did not have a duty to disclose that information prior to Schultz's pleading guilty.[3]

Finally, Schultz also requests "a new trial based upon newly discovered evidence." A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Schultz's bare assertion that a trial is warranted, based on the discovery of new evidence, is not supported by authority or argument; thus, Schultz has waived this issue.

## III.

## CONCLUSION

The district court did not err in dismissing Schultz's petition for post-conviction relief. Therefore, the order of dismissal is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

---

[3] Schultz is also unable to establish prejudice because there is no nexus between the misconduct and the testing of the methamphetamine. Nothing about the State's new disclosures goes to the foundation of Schultz's case or otherwise serves to undermine confidence in the outcome of these proceedings. *See State v. Severson*, 147 Idaho 694, 717, 215 P.3d 414, 437 (2009).

7