IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41195

KENNETH EDWARD ELCOCK,        )       2014 Unpublished Opinion No. 613
                                )
      Petitioner-Appellant,        )       Filed: July 9, 2014
                                )
v.                              )       Stephen W. Kenyon, Clerk
                                )
STATE OF IDAHO,            )       THIS IS AN UNPUBLISHED
                                )       OPINION AND SHALL NOT
      Respondent.           )       BE CITED AS AUTHORITY
                                )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Kenneth Edward Elcock, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Kenneth Edward Elcock appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In the early morning hours of April 15, 2006, Elcock and two companions arrived at an apartment building where a man with whom they had a dispute was throwing a party. Upon arrival, Elcock approached the man, pointed a gun at his face, and pulled the trigger. The gun did not fire and the man ran for cover in his apartment. After cocking the gun, Elcock fired several shots through the plate glass window of the man's apartment, injuring three individuals and killing a fourteen-year-old girl.

Elcock was subsequently charged with one count of first degree murder, three counts of aggravated battery, one count of unlawful discharge of a firearm at a dwelling house, one count

of aggravated assault, and a sentencing enhancement based on the use of a firearm in the commission of a crime. Pursuant to a plea agreement, Elcock pled guilty to one count of second degree murder, I.C. §§ 18-4001, 18-4002, and 18-4003(g); three counts of aggravated battery, I.C. §§ 18-903(c) and 18-907; and one count of aggravated assault, I.C. §§ 18-901(a) and 18-905. The remaining charges were dismissed. The district court sentenced Elcock to life imprisonment, with a minimum period of confinement of forty years, for second degree murder; concurrent fifteen-year fixed sentences for the three counts of aggravated battery; and a concurrent sentence of five years fixed for aggravated assault. Elcock filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied and this Court affirmed in an unpublished opinion. *See State v. Elcock*, Docket No. 33861 (Ct. App. Feb. 28, 2008). Two years later, Elcock filed an I.C.R. 33(c) motion to withdraw his guilty pleas, which the district court denied and this Court affirmed in an unpublished opinion. *See State v. Elcock*, Docket No. 38177 (Ct. App. Apr. 1, 2011).

Elcock filed his initial petition for post-conviction relief in 2007. In the petition, Elcock raised a variety of claims, including ineffective assistance of trial counsel, invalidity of his guilty plea, lack of factual and legal bases for his convictions, and various claims of bias and discrimination. The district court summarily dismissed his petition and we affirmed in an unpublished opinion. *See Elcock v. State*, Docket No. 37932 (Ct. App. Oct. 7, 2011).

Elcock filed a successive petition for post-conviction relief after we decided his appeal from the order summarily dismissing his initial petition. In his successive petition, Elcock reasserts his ineffective assistance of trial counsel claims and adds to them claims of ineffective assistance of appellate counsel, violations of due process resulting from the provision of an overworked public defender, and actual innocence. Elcock asserts that the sufficient reason allowing him to bring all of these claims in a successive petition is that his trial attorney withheld discovery, which was necessary to adequately bring the claims, until six months before Elcock filed this successive petition. Elcock filed a motion for appointment of counsel contemporaneously with his successive petition. The district court did not rule on that motion. Elcock subsequently amended his petition to add a new affidavit of one of the eyewitnesses. In the affidavit, the eyewitness recants his prior statements to police and his prior sworn affidavit submitted with Elcock's initial petition for post-conviction relief in which he identified Elcock as the shooter. The district court gave notice of its intent to dismiss and ultimately dismissed

2

Elcock's successive petition, finding that Elcock's asserted sufficient reason for filing his claims in a successive petition and his actual innocence claim were both disproven by the record. Elcock appeals.

## II.

## STANDARD OF REVIEW

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). The petition is subject to summary dismissal unless the petitioner can show such a sufficient reason for bringing a successive petition. *Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time once those claims are known. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. We determine what a reasonable time is for filing a successive petition on a case-by-case basis. *Id.*

## III.

## ANALYSIS

Elcock's argument on appeal comprises two pages of appellate brief preceding a plethora of miscellaneous attachments and consists largely of reassertions of his actual-innocence claim.[1] Elcock's only allegation of error committed by the district court in summarily dismissing his successive petition comes through a single sentence asserting that the district court erred by failing to appoint counsel to assist Elcock. However, he fails to assert how the district court erred, including a failure to argue that the district court abused its discretion by not ruling on his initial motion to appoint counsel before addressing the merits of his successive petition through

---

[1]     Elcock also attached two Idaho State Police (ISP) reports describing misconduct at the Idaho State Forensic Lab and two letters sent from the ISP to state prosecutors describing the misconduct. *See generally Schultz v. State*, 155 Idaho 877, 880, 318 P.3d 646, 649 (Ct. App. 2013) (describing more fully the misconduct). Elcock casts this as new evidence, but fails to provide any evidence or argument showing that it is in any way relevant to his case, including whether evidence in his case was tested at the lab where the misconduct took place. Accordingly, as noted by the district court, this "new evidence" will not be considered.

summary dismissal. Generally, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Nevertheless, because Elcock specifically identified the failure to appoint counsel as error in his pro se appellate brief, we will review whether the district court erred in failing to rule on his motion to appoint counsel and whether that error affected Elock's substantial rights.

If a post-conviction petitioner is unable to pay for the expenses of representation, the district court may appoint counsel to represent the petitioner in preparing the petition. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009); *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

The district court did not rule on Elcock's initial motion for appointment of counsel prior to ruling on the merits of his successive petition and abused its discretion in so doing. However, when addressing the issue of appointment of counsel in post-conviction proceedings, this Court examines whether the possibility of a valid claim exists before determining that an error in failing to appoint counsel requires remand. *Melton*, 148 Idaho at 342, 223 P.3d at 284. This is because the district court's error does not affect the petitioner's substantial rights if he or she fails to raise the possibility of a valid claim. *Id.*; *see also* I.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). In deciding whether a petitioner's pro se petition raises the possibility of a valid claim, we consider whether the appointment of counsel would have assisted the petitioner in conducting an investigation into facts not in the record and whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel at his or her own expense to conduct a further investigation into the claims. *Melton*, 148 Idaho at 342, 223 P.3d at 284; *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007).

As previously noted, the merits of a claim in a successive petition for post-conviction relief may only be considered upon a threshold showing of a sufficient reason for why the claim

4

was not asserted or was inadequately raised in the original, supplemental, or amended application. I.C. § 19-4908; *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. Thus, in the context of a successive petition for post-conviction relief, we first consider whether the petitioner raised the possibility of a valid claim as to the grounds asserted as sufficient reason for filing the successive petition. *See Melton*, 148 Idaho at 343, 223 P.3d at 285 (addressing whether Melton raised the possibility of a valid claim as to "the grounds upon which Melton based his successive application for post-conviction relief"). Additionally, the threshold showing required to avoid summary dismissal is greater than that required for appointment of counsel. *Id.* at 345, 223 P.3d at 287; *Judd v. State*, 148 Idaho 22, 24, 218 P.3d 1, 3 (Ct. App. 2009). As a result, we assume summary dismissal of a successive petition is appropriate if the petitioner fails to allege facts sufficient to raise the possibility of a valid claim as to the grounds asserted as sufficient reason for bringing the successive petition. Mindful that the petitioner is unrepresented when making a request for appointment of counsel and cannot be expected to know how to properly allege necessary facts, we draw every inference in the petitioner's favor during this analysis. *Charboneau*, 140 Idaho at 793-94, 102 P.3d at 1112-13.

Here, even when drawing all inferences in his favor, Elcock has failed to allege facts in his successive petition that raise the possibility of a valid claim. The sole ground Elcock asserts as sufficient reason for bringing his claims in a successive petition for post-conviction relief is that his trial attorney allegedly withheld discovery from Elcock until May 2011. As noted by the district court, this claim is not supported by the record or any new facts that Elcock alleges.

During the plea colloquy, the district court asked Elcock's counsel if the defense had received and discussed the discovery in the case with Elcock:

[COURT]:      Did you get all the discovery in this case?
[COUNSEL]: Yes, Your Honor.
[COURT]:      Have you had a chance to review it fully with [Elcock]?
[COUNSEL]: Yes, Your Honor.
[COURT]:      Were you able to advise him fully of his rights and defenses?
[COUNSEL]: [Co-counsel] and I have done that. Yes, Your Honor.

The district court then inquired of Elcock whether he had reviewed aspects of the discovery with his trial counsel:

[COURT]:      Did you make confessions or admissions to the police in this case?
[ELCOCK]:    I don't understand.
[COURT]:      Did you talk to the police about what happened in this case?
[ELCOCK]:    Yes.

5

[COURT]]:    Did you make statements to them?
[ELCOCK]:    Yes.
[COURT]:    Have you looked at those statements and comments with your attorneys?
[ELCOCK]:    Yes.

Thus, Elcock's counsel admitted during Elcock's plea colloquy that discovery had been received and reviewed by Elcock and his counsel. Additionally, Elcock admitted having reviewed his own statements to the police which would have been part of the discovery.

Moreover, when Elcock requested from his trial attorney a copy of the discovery received in his underlying criminal case, the attorney provided the requested discovery. He also noted, however, that he had previously provided Elcock with the requested discovery.[2] Elcock presents no evidence indicating that he made any prior requests for the discovery, much less that those prior requests were denied.[3] Indeed, the only evidence Elcock presents to support his claim that his trial attorney withheld discovery is Elcock's own unsupported, albeit verified, claim to that effect. A reasonable person with adequate means in Elcock's position would not be willing to retain counsel at his own expense to investigate an unsupported claim that is disproven by the record. Accordingly, Elcock has failed to allege facts that raise the possibility that his claim that his trial attorney withheld discovery from him until recently is valid.

Elcock also asserted what amounts to an actual-innocence claim through an amendment to his successive petition. Although he does not specify the sufficient reason for bringing this claim in a successive petition, it is presumably because the claim is based on information gleaned from the allegedly withheld discovery and the recent receipt of an affidavit of an eyewitness to

---

[2]    Elcock notes in his successive petition his trial counsel's allegation that he originally provided Elcock with the requested discovery on June 1 and June 18, 2006. This is not supported anywhere else in the incomplete record Elcock has provided on appeal.

[3]    Elcock asserts that he sent numerous letters to his trial attorney requesting the discovery in his case. In support of this claim Elcock attached to his successive petition by amendment a letter he allegedly sent to his trial counsel that references a request made in early 2011. He did not, however, include the letter from his trial attorney that he was responding to or the letter wherein he makes his initial request. Moreover, the referenced and attached letters seem to be part of a single request in which Elcock's trial attorney initially responds that Elcock was previously provided with the requested discovery before later providing Elcock with a duplicate copy of the requested discovery after Elcock persisted. Elcock presented no evidence indicating that he made any other request for the discovery in his underlying criminal case between 2007 and the start of 2011 or that any such request was denied.

6

the shooting. In this affidavit, the eyewitness recants his previous statements and sworn affidavit and asserts for the first time that he and others blamed Elcock for a shooting Elcock did not commit. However, as noted by the district court, this claim is also disproven by the record.

Prior to filing his successive petition for post-conviction relief, Elcock repeatedly maintained that he had committed the crimes to which he pled guilty. At Elcock's plea hearing, he admitted in open court to shooting into the apartment building multiple times, stating that he "shot through a window at people having a party." Moreover, he admitted that he knew that there was a crowd of people in the apartment and that if he shot at them he might hit someone. Sworn statements made in open court "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, in Elcock's initial petition for post-conviction relief, he acknowledged that he had fired into the crowded apartment, but asserted that he should only be guilty of voluntary manslaughter because he lacked the element of malice. Just months before filing his successive petition for post-conviction relief, Elcock again admitted that he had "turned and fired shots" at the apartment building after being handed a gun. Finally, the affidavit of the eyewitness recanting his prior sworn implication of Elcock in the shooting is internally inconsistent, confirming first that Elcock was handed a gun but then stating that his fingerprints were not on the gun and he never fired the weapon.[4] Again, a reasonable person in Elcock's position would not be willing to retain counsel at his own expense to investigate a new claim of actual innocence in light of his repeated prior admissions to the crimes and the eyewitness's dubious recanting of prior sworn testimony. As a result, Elcock also failed to allege facts raising the possibility of the validity of his newly asserted actual-innocence claim.

Because Elcock failed to meet the considerably lower standard required for appointment of counsel in terms of the threshold requirement for bringing a successive petition for post-conviction relief, we need not address his underlying claims. Thus, the district court did not err in summarily dismissing Elcock's successive petition for post-conviction relief.

## VI.

## CONCLUSION

The district court abused its discretion by not specifically addressing Elcock's initial motion for appointment of counsel prior to addressing the merits of Elcock's successive petition.

---

[4] We note that the affidavit also failed to allege a key fact that would be in the personal knowledge of an eyewitness to the shooting alleging a setup--who the real shooter was.

However, this error did not affect Elcock's substantial rights, as he has failed to allege facts raising the possibility of a valid claim that would provide sufficient reason for filing a successive petition. Accordingly, we affirm the district court's order summarily dismissing Elcock's successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**