Judge Pro Tem SCHWARTZMAN,
also specially concurring.
I write separately to highlight some of the legal incongruities and ironies associated with this case. Because of a three-day lag between the trial court’s “Temporary Order on Rider Review” and its subsequent “Order Upon 180-Day Review Hearing,” trial counsel missed the forty-two-day appellate filing deadline by three days. Such a mistake is at least “understandable” given the peculiar and somewhat unique rider review orders following upon each other over a three-day period. As a result, the Court of Appeals has had FOUR appeals by Schultz, one direct and three UPCPA petitions.[1] Schultz has yet to have a direct appellate review of his underlying convictions dating from 2005. Given the course of these proceedings, it is unlikely Schultz will ever get such a review. Every judge on this Court has had to deal with a Schultz case, and that even includes newly appointed Judge Huskey who dealt with one as a state appellate public defender.
To say the least, the procedural history of this case conjures up a vision of a “Kafkaesque” labyrinth, in which a hapless litigant can’t even find the right door to get into court.[2] Had this Court been able to take up and consider the underlying merits of Schultz’s first direct appeal, this entire procedural entanglement could have been avoided, saving countless hours of legal work for the governmental and judicial entities involved. But, alas, it was not to be; and the case continues to have a half-life that might next morph into the federal court system.

. I do not include in this history Schultz v. State, 155 Idaho 877, 318 P.3d 646 (Ct.App.2013).

. Kafkaesque, as noted in Webster’s New World College Dictionary, is generally defined as characteristic of, or like the writings of Franz Kafka, esp. surreal, frustratingly nightmarish, confusingly complex, etc.