56 P.3d 158

**Henry R. LOMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 26224.

Court of Appeals of Idaho.

Sept. 9, 2002.

Review Denied Oct. 28, 2002.

Greg S. Silvey, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Henry R. Loman appeals from the order of the district court summarily dismissing his application for post-conviction relief as untimely. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Loman pleaded guilty to one count of grand theft by possession of stolen property, Idaho Code §§ 18–2403(4), –2407(1). The judgment of conviction was entered on October 26, 1998. Forty-three days later, on December 8, 1998, Loman's counsel filed a notice of appeal from the judgment of conviction. On December 15, 1998, the Idaho Supreme Court issued a conditional order dismissing Loman's appeal as untimely because the appeal was not filed within forty-two days after the judgment of conviction as required by Idaho Appellate Rule 14(a). On January 25, 1999, the Court entered a final dismissal order, and a remittitur was issued on February 16, 1999.

On December 15, 1999, Loman, acting pro se, filed an application for post-conviction relief, alleging, among other things, ineffective assistance of counsel. The State moved for summary dismissal on the basis that Loman's application was not filed within the one-year statute of limitations, I.C. § 19–4902(a). The district court agreed and summarily dismissed Loman's action. Loman appeals from that order.

## II.

### DISCUSSION

An order for summary disposition of a post-conviction relief application under I.C. § 19–4906(c) is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). Therefore, summary dismissal of a post-con-

viction application is appropriate if there exists no genuine issue of material fact and the State is entitled to judgment as a matter of law. *See, e.g., Fairchild v. State,* 128 Idaho 311, 315, 912 P.2d 679, 683 (Ct.App.1996). In an appeal from a summary dismissal, we independently review the district court's application of law to undisputed facts. *Nellsch v. State,* 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

The propriety of the district court's dismissal of Loman's action turns upon the application of I.C. § 19–4902(a) which provides in part:

> An application [for post-conviction relief] may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

The district court concluded that Loman's application was untimely because the limitation period began to run from December 7, 1998—the expiration of the time for an appeal from his judgment of conviction pursuant to I.A.R. 14—and therefore his post-conviction application filed on December 15, 1999 was eight days late. On appeal, Loman disputes the district court's interpretation of § 19–4902(a). He argues that the limitations period began to run from the "determination" of his untimely appeal on February 16, 1999, when the Supreme Court issued its remittitur.

 We conclude that the district court's application of the statute was correct.

The reference in § 19–4902(a) to "the determination of an appeal" contemplates a valid appeal that the appellate court possessed jurisdiction to consider. Loman's attempted appeal from his judgment of conviction was untimely, and its untimeliness deprived the appellate courts of jurisdiction. I.A.R. 21; *State v. Payan,* 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct.App.1996); *State v. Fuller,* 104 Idaho 891, 665 P.2d 190 (Ct.App.1983). There was never a valid appeal for an appellate court to "determine." If Loman's argument were accepted, one convicted of a crime could restart the limitation period merely by filing an untimely notice of appeal from the judgment of conviction; the statute of limitation for post-conviction actions would be rendered meaningless. The limitation period for Loman's post-conviction action began to run from the expiration of the time for his appeal in the criminal action. It could not be restarted by the filing of an untimely notice of appeal on his behalf.

The district court was correct in its determination that Loman's post-conviction application was time-barred. Therefore, the order of dismissal is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.