IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket Nos. 37370/37371**

WALLY KAY SCHULTZ,          )
)      **2011 Opinion No. 27**
         **Petitioner-Appellant,**    )
)      **Filed: May 9, 2011**
v.              )
)      **Stephen W. Kenyon, Clerk**
STATE OF IDAHO,       )
)
         **Respondent.**        )
)

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Orders summarily dismissing petitions for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Wally Kay Schultz appeals from the district court's orders summarily dismissing his petitions for post-conviction relief. Because we determine the statute of limitation had run on all Schultz's properly pled claims, we affirm.

## I.

## BACKGROUND

In separate cases, Schultz was found guilty of felony domestic violence in August of 2005, and pleaded guilty to possession of methamphetamine in December of 2005. The proceedings were apparently consolidated for sentencing. The district court entered judgments of conviction in December 2005, but retained jurisdiction over Schultz. After Schultz successfully completed the retained jurisdiction program, the district court placed him on probation for five years. To that end, the district court issued a "Temporary Order on Rider Review" on May 22, 2006, that stated Schultz was placed on probation with "the usual terms and

1

conditions" and noted that a copy of "the formal paperwork" would be forthcoming. *State v. Schultz*, 147 Idaho 675, 676, 214 P.3d 661, 662 (Ct. App. 2009). Three days later, on May 25, 2006, the district court issued another order entitled, "Order Upon 180-Day Review Hearing, I.C. § 19-2601(4)." *Id*. This order also purported to place Schultz on probation and outlined more specific terms of probation. *Id*.

Schultz filed notices of appeal from his judgments of conviction on July 6, 2006, forty-five days after the May 22 order and forty-two days after the May 25 order. The State filed a respondent's brief on November 24, 2008, arguing that Schultz's appeal should be dismissed as untimely because the forty-two-day deadline for filing should have started to run from the May 22 order. This Court ultimately agreed with the State and dismissed Schultz's appeals on May 29, 2009. *Id*. A remitittur was issued on August 27, 2009.

After the State filed its respondent's brief, but before this Court announced its decision, Schultz filed petitions for post-conviction relief from his underlying convictions. Schultz filed the petition pertinent to his possession conviction on January 13, 2009, and the petition pertinent to his domestic violence conviction on March 24, 2009. The petition addressing the possession conviction alleged ineffective assistance of trial counsel for failure to conduct a proper investigation, failure to file a motion to suppress evidence, and failure to request that Schultz's sentences run concurrently. The petition attacking the domestic violence conviction alleged ineffective assistance of trial counsel for failure to "object to [the] prosecutor's comments," failure to call certain witnesses, and failure to investigate the victim's "character and morals." Schultz also claimed prosecutorial misconduct, apparently based on various comments made by the prosecutor during closing argument.

Although both petitions claimed ineffective assistance of trial counsel, neither mentioned the failure of counsel to file a timely appeal. After the State had filed its answer to Schultz's petition regarding the possession case, Schultz filed a document entitled "Ammendment [sic] to Post Conviction" on February 20, 2009. In that document, Schultz attempted to add a claim of ineffective assistance of counsel for failure to timely file an appeal from Schultz's convictions. Similarly, after the State moved for dismissal of the other post-conviction action, Schultz filed a "Supplemental Brief in Support of Post Conviction Relief," arguing ineffective assistance of counsel for failure to file a timely appeal. The State did not object to these filings but argued for dismissal because the post-conviction petitions had been filed outside the one-year statute of

2

limitation, Idaho Code § 19-4902(a). The State argued that the limitation period began to run when the time for direct appeal from Schultz's underlying convictions had expired, July 3, 2006. The district court agreed and dismissed Schultz's petitions.

In these consolidated appeals, Schultz argues that confusion caused by the district court's issuance of two separate orders placing him on probation, and his counsel's consequent late filing of notices of appeal in the criminal cases, tolled the statute of limitation until Schultz could reasonably discover that the direct appeals were untimely filed. He asserts that he could not reasonably have discovered that the appeals were untimely filed until this Court dismissed the direct appeal or, at the earliest, when the State filed its respondent's brief on appeal arguing that the appeal was untimely.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil proceeding. *Wilson v. State*, 133 Idaho 874, 877, 993 P.2d 1205, 1208 (Ct. App. 2000); *Hassett v. State*, 127 Idaho 313, 315, 900 P.2d 221, 223 (Ct. App. 1995). Summary dismissal by the district court is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. *Hassett*, 127 Idaho at 315, 900 P.2d at 223. We will uphold a summary dismissal on appeal if the alleged facts, if true, would nevertheless not entitle petitioner to relief as a matter of law. *Matthews v. State*, 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992); *Wilson*, 133 Idaho at 877-78, 993 P.2d at 1208-09. Legal conclusions are reviewed *de novo*. *Owen v. State*, 130 Idaho 715, 716, 947 P.2d 388, 389 (1997); *Wilson*, 133 Idaho at 878, 993 P.2d at 1209.

The statute of limitation for post-conviction actions, I.C. § 19-4902(a), provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal in the criminal case or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. *See Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). An appeal from a judgment of conviction may be filed within forty-two days of the entry of judgment. Idaho Appellate Rule 14(a). Thus, if no appeal is filed from a judgment of conviction, the one-year limitation period for a post-conviction action commences on the forty-third day after judgment. It runs from that same date if an applicant filed a direct appeal that is later determined to be untimely and therefore invalid. *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010); *Loman v. State*, 138

3

Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002). An untimely notice of appeal in the criminal case cannot postpone the commencement of the limitation period because a time-barred notice of appeal does not confer jurisdiction on the appellate courts and, thus, there is no valid appeal for an appellate court to "determine" that could extend the post-conviction statute of limitation under I.C. § 49-4902(a). *Loman*, 138 Idaho at 2, 56 P.3d at 159. A time-barred petition for post-conviction relief must be dismissed. *Evensiosky v. State*, 136 Idaho 189, 190-91, 30 P.3d 967, 968-69 (2001); *Sayas*, 139 Idaho at 959, 88 P.3d at 778.

The statute of limitation may be equitably tolled, however. Equitable tolling for post-conviction actions is "borne of the petitioner's due process right to have a meaningful opportunity to present his or her claims." *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009).

Schultz argues that the district court erred in determining that his post-conviction petitions are barred by the statute of limitation because Schultz received ineffective assistance of counsel when his counsel failed to file timely direct appeals, and because Schultz did not discover this untimely filing until, at the earliest, the State's response on direct appeal. These circumstances, Schultz argues, tolled the statute of limitation in his cases. He asserts that when appeals were taken in his two criminal cases, he had no way of knowing that this Court would ultimately conclude that the notices of appeal were invalid because they were filed three days late. Schultz maintains that because he had a good faith belief that his appeals were timely, absent tolling of the statute of limitation he will be deprived of a reasonable opportunity to present his claims, and therefore will be deprived of due process.

A petitioner's due process right is not violated by a statute of limitation bar unless he can show such an inability to file a timely petition that he was denied any meaningful opportunity to present his post-conviction claims. *See Amboh*, 149 Idaho at 653, 239 P.3d at 451; *Leer*, 148 Idaho at 115, 218 P.3d at 1176; *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Tolling is not allowed for a petitioner's own inaction.

> Idaho appellate courts have not permitted equitable tolling where the post-conviction petitioner's own lack of diligence caused or contributed to the untimeliness of the petition. . . . Rather, in cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action.

*Amboh*, 149 Idaho at 653, 239 P.3d at 451 (citations omitted).

Equitable tolling has been recognized in Idaho where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Rhoades v. State*, 148 Idaho 247, 251, 220 P.3d 1066, 1070 (2009); *Leer*, 148 Idaho at 115, 218 P.3d at 1176. In addition, in some circumstances commencement of the limitation period may be delayed until the petitioner discovers the facts giving rise to the claim. In *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007), the Idaho Supreme Court recognized that at least where the post-conviction claim raises important due process issues, the limitation period may be postponed until the petitioner has discovered the factual basis for the claim. As we said in *Amboh*, 149 Idaho at 653, 239 P.3d at 451, "[I]n cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action."

The standard for application of equitable tolling in post-conviction actions is a stringent one, as illustrated in *Evensiosky*. In that case, the petitioner alleged that he had asked four different attorneys to file a notice of appeal, and only after the time for appeal had expired did he discover that no appeal had been filed. After learning this, the petitioner was left with seven weeks to file a post-conviction petition before the limitation period would expire. He was housed in an Idaho prison facility for most of that period, but for the final eight days he was transferred to a correction facility in Louisiana, where he had no access to Idaho courts. Nevertheless, our Supreme Court held that because the petitioner had discovered the facts giving rise to his ineffective assistance of counsel claim for failure to file an appeal before the expiration of the statute of limitation, and had sufficient time thereafter within which to file a petition (approximately six weeks excluding the Louisiana incarceration), there was no basis to apply a discovery exception. *Evensiosky*, 136 Idaho at 191, 30 P.3d at 969. Schultz's opportunity to file his post-conviction action was far greater than that of the petitioner in *Evensiosky*, who discovered the factual basis for his claim only seven weeks before the filing deadline and whose opportunity was further foreshortened by a transfer to Louisiana.

Given this authority, we conclude that the statute of limitation on Schultz's properly pled post-conviction claims was not tolled. As in *Loman* and *Amboh*, because Schultz's appeal was

5

untimely filed, it was invalid and therefore could not extend the statute of limitation period. Schultz knew of the underlying facts giving rise to his claims of prosecutorial misconduct and ineffective assistance of trial counsel (for various alleged trial errors) no later than the conclusion of his criminal trial. Schultz was not prevented from filing post-conviction petitions asserting these claims at any time after his judgment of conviction. He had one year and forty-two days to do so. That Schultz chose not to file his post-conviction petitions earlier because he was under the mistaken belief that the law allowed him more time to file, does not equate, as Schultz contends, to a deprivation of any reasonable opportunity to do so. *Cf. Judd v. State*, 148 Idaho 22, 26, 218 P.3d 1, 5 (Ct. App. 2009) (holding that "a discovery exception to a statute of limitation applies only to the discovery of facts not discovery of the law"). If, as our Supreme Court held in *Evensiosky*, a petitioner is not deprived of due process when he has only a six-week opportunity to file a petition after discovery of the basis of his claims, there was no deprivation of due process here, where Schultz had a full year and forty-two days within which to file but chose to wait over three years because he incorrectly believed the law allowed him to wait. This choice is not "extraordinary circumstances beyond [a petitioner's] effective control," as discussed in *Amboh*, sufficient to trigger equitable tolling.

We will not address any tolling arguments concerning Schultz's ineffective assistance of counsel claim for his attorney's failure to file a timely appeal because Schultz did not plead this claim below. A petitioner cannot amend his petition once a responsive pleading has been filed without permission of the court or written permission of the State. I.R.C.P. 15(a); *Cole v. State*, 135 Idaho 107, 111, 15 P.3d 820, 824 (2000) (holding that, even where post-conviction petitioner reserved the option to file an amended petition in his opening petition, simply filing an amended petition is insufficient to request leave to file an amended petition; "a motion for leave to file an amended petition was required before it was necessary for the district judge to consider the amended petition"). The record here shows that Schultz did not obtain permission from either the court or the State to file an amended petition. Consequently, the only petitions we will consider on appeal are his initial petitions, which do not raise ineffective assistance of counsel claims for failure to bring a timely appeal.

## III.

## CONCLUSION

Because the statute of limitation began to run on Schultz's properly pled claims at the expiration of his time for direct appeal, his petitions were untimely. We therefore affirm the district court's orders dismissing Schultz's untimely post-conviction petitions.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**