IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40391

| | | |
|---|---|---|
| **WALLY KAY SCHULTZ,** | ) | **2013 Unpublished Opinion No. 605** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: July 31, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order dismissing petition for post-conviction relief, <u>reversed</u> and <u>remanded</u>.

Nevin, Benjamin, McKay & Bartlett; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Wally Kay Schultz appeals from the district court's dismissal of his successive petition for post-conviction relief. Specifically, Schultz asserts that the district court erred because it granted the State's motion for summary dismissal on grounds other than what the State asserted in its motion, thereby failing to provide Schultz with sufficient notice. We reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The prior proceedings were summarized in *Schultz v. State*, 151 Idaho 383, 256 P.3d 791 (Ct. App. 2011) as follows:

In separate cases, Schultz was found guilty of felony domestic violence in August of 2005, and pleaded guilty to possession of methamphetamine in December of 2005. The proceedings were apparently consolidated for sentencing. The district court entered judgments of conviction in December 2005, but retained jurisdiction over Schultz. After Schultz successfully completed the retained jurisdiction program, the district court placed him on probation for five years. To that end, the district court issued a "Temporary Order on Rider Review" on

May 22, 2006, that stated Schultz was placed on probation with "the usual terms and conditions" and noted that a copy of "the formal paperwork" would be forthcoming. *State v. Schultz*, 147 Idaho 675, 676, 214 P.3d 661, 662 (Ct. App. 2009). Three days later, on May 25, 2006, the district court issued another order entitled, "Order Upon 180-Day Review Hearing, I.C. § 19-2601(4)." *Id*. This order also purported to place Schultz on probation and outlined more specific terms of probation. *Id*.

Schultz filed notices of appeal from his judgments of conviction on July 6, 2006, forty-five days after the May 22 order and forty-two days after the May 25 order. The State filed a respondent's brief on November 24, 2008, arguing that Schultz's appeal should be dismissed as untimely because the forty-two-day deadline for filing should have started to run from the May 22 order. This Court ultimately agreed with the State and dismissed Schultz's appeals on May 29, 2009. *Id*. A remitittur was issued on August 27, 2009.

After the State filed its respondent's brief, but before this Court announced its decision, Schultz filed petitions for post-conviction relief from his underlying convictions. Schultz filed the petition pertinent to his possession conviction on January 13, 2009, and the petition pertinent to his domestic violence conviction on March 24, 2009. The petition addressing the possession conviction alleged ineffective assistance of trial counsel for failure to conduct a proper investigation, failure to file a motion to suppress evidence, and failure to request that Schultz's sentences run concurrently. The petition attacking the domestic violence conviction alleged ineffective assistance of trial counsel for failure to "object to [the] prosecutor's comments," failure to call certain witnesses, and failure to investigate the victim's "character and morals." Schultz also claimed prosecutorial misconduct, apparently based on various comments made by the prosecutor during closing argument.

Although both petitions claimed ineffective assistance of trial counsel, neither mentioned the failure of counsel to file a timely appeal. After the State had filed its answer to Schultz's petition regarding the possession case, Schultz filed a document entitled "Ammendment [sic] to Post Conviction" on February 20, 2009. In that document, Schultz attempted to add a claim of ineffective assistance of counsel for failure to timely file an appeal from Schultz's convictions. Similarly, after the State moved for dismissal of the other post-conviction action, Schultz filed a "Supplemental Brief in Support of Post Conviction Relief," arguing ineffective assistance of counsel for failure to file a timely appeal. The State did not object to these filings but argued for dismissal because the post-conviction petitions had been filed outside the one-year statute of limitation, Idaho Code § 19-4902(a). The State argued that the limitation period began to run when the time for direct appeal from Schultz's underlying convictions had expired, July 3, 2006. The district court agreed and dismissed Schultz's petitions.

In these consolidated appeals, Schultz argues that confusion caused by the district court's issuance of two separate orders placing him on probation, and his counsel's consequent late filing of notices of appeal in the criminal cases, tolled the statute of limitation until Schultz could reasonably discover that the direct

appeals were untimely filed. He asserts that he could not reasonably have discovered that the appeals were untimely filed until this Court dismissed the direct appeal or, at the earliest, when the State filed its respondent's brief on appeal arguing that the appeal was untimely.

*Schultz*, 151 Idaho at 384-85, 256 P.3d at 792-93. Ultimately, we held that the statute of limitation on Schultz's post-conviction claims was not tolled. *Id*. at 387, 256 P.3d at 795. The untimely appeal was invalid and, therefore, did not extend the time to file the post-conviction claims. *Id*. Schultz knew of the underlying facts giving rise to his claims of prosecutorial misconduct and ineffective assistance of trial counsel (for various trial errors) by the conclusion of the trial and his mistaken belief that he had more time did not extend the period. *Id*. We did not address any tolling arguments concerning any ineffective assistance of counsel claim for failing to timely file the appeal as it was not plead. *Id*.

Schultz then filed a successive petition for post-conviction relief, claiming his post-conviction counsel had been ineffective by failing to obtain affidavits and failing to make arguments that would have led to a discovery exception and prevented the dismissal of his initial petitions for post-conviction relief. The district court appointed counsel and Schultz was allowed to amend his petition. The State moved to dismiss the successive petition on the ground that Schultz failed to show that post-conviction counsel could have prevented the initial petitions from being dismissed. The district court granted the State's motion for summary dismissal, but on a different ground than what was asserted by the State. The district court held that because Schultz only asserted a claim of ineffective assistance of post-conviction counsel, and not trial counsel, he failed to state a viable claim for post-conviction relief. Schultz now timely appeals the district court's dismissal of his successive petition.

## II.

## ANALYSIS

Schultz argues that the district court's dismissal of his successive petition should be reversed because the district court dismissed his petition on grounds other than what the State argued in its motion. A court may not grant summary disposition on grounds for which no notice was given through either the State's motion or the court's notice of intent to summarily dismiss. *DeRushé v. State*, 146 Idaho 599, 602, 200 P.3d 1148, 1151 (2009). Dismissal on grounds other than those upon which notice was given ordinarily requires reversal; however, if the appellate court can conclude that dismissal would have been appropriate on grounds for which notice was

3

given, dismissal may be upheld. *Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010); *Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010). The State acknowledges that the district court dismissed the case on grounds for which no notice was given, but asks this Court to determine that dismissal was appropriate on the grounds for which notice was given. While it may be appropriate for us to do so, we are not *required* to engage, for the first time on appeal, in an analysis of the grounds for which notice was given but upon which the district court did not rule.

As noted, the State contended in its motion that Schultz could not demonstrate that post-conviction counsel was ineffective under a *Strickland v. Washington*, 466. U.S. 668, 687-88 (1984) analysis. The district court dismissed on the ground that there is no constitutionally-protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief.[1] In the parties' briefing on appeal, they debate whether there existed a genuine issue of material fact as to whether post-conviction counsel was ineffective in failing to submit evidence and make arguments regarding the statute of limitation, whether the petition could have been amended, whether this Court left open the issue of tolling as to a claim of ineffective assistance of trial counsel to timely appeal, and whether *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), leave open the question of circumstances in which there may be a constitutional right to effective assistance of counsel in post-conviction. We decline to determine any of these issues for the first time on appeal, and express no opinion whatsoever as to any such issues. As the State concedes, Schultz was not provided notice of the ground upon which the district court dismissed the petition. Therefore, the district court erred in dismissing the petition without appropriate notice.

### III.

### CONCLUSION

The district court dismissed the petition on grounds for which no notice was given. Therefore, the district court's order dismissing Schultz's petition for post-conviction relief is reversed and this matter remanded to the district court.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

---

[1] *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987).

4