**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41701**

| | | |
|---|---|---|
| **WALDIMAR GEORGE WITT,** | ) | **2014 Unpublished Opinion No. 847** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: December 5, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

Judgment of the district court summarily dismissing third successive petition for post-conviction relief, <u>affirmed</u>.

Waldimar George Witt, Brownstone, Washington, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Waldimar George Witt appeals pro se from the judgment of the district court summarily dismissing his third successive petition for post-conviction relief. In 2000, Witt was found guilty of two counts of rape and one count of sexual battery of a minor child sixteen or seventeen years of age. He appealed from his judgments of conviction and sentences, and we affirmed in *State v. Witt*, Docket No. 26782 (Ct. App. Aug. 30, 2001) (unpublished), and a remittitur issued in September 2001. Witt's initial petition for post-conviction relief was summarily dismissed. Witt's first successive petition was also summarily dismissed, and we affirmed in *Witt v. State*, Docket No. 28224 (Ct. App. Apr. 17, 2003) (unpublished). Witt's second successive petition was dismissed by the district court, and the appeal was dismissed. Finally, Witt filed a pro se Rule 35 motion for a new trial, which was denied. On appeal, this Court affirmed in *State v.*

1

*Witt*, Docket No. 29254 (Ct. App. Dec. 18, 2003) (unpublished), and the remittitur issued in April 2004.

In 2013, more than nine years after the last remittitur issued, Witt filed his third successive petition for post-conviction relief, the subject of this appeal. The third successive petition alleged actual innocence[1] and "failure [to] prove a crime having happened," along with ineffective assistance of counsel. Upon the State's motion for summary dismissal, and following Witt's response, the district court summarily dismissed Witt's petition as untimely. Under Idaho Code § 19-4902(a), any petition for post-conviction relief filed by Witt had to be filed within one year "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." Here, the petition was untimely, even if the one-year time period ran from the April 2004 remittitur, and the petition was subject to summary dismissal. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003) ("The failure to file a timely petition is a basis for dismissal of the petition."). Because Witt has not argued that equitable tolling applies,[2] we affirm the judgment of the district court summarily dismissing Witt's third successive petition for post-conviction relief.

---

[1]     Witt's actual innocence claim seemingly asserts a *Brady v. Maryland*, 373 U.S. 83 (1963) violation. Witt's contention is that the State committed a *Brady* violation by failing to obtain medical evidence. However, the State does not "have a general duty to gather evidence for the accused." *State v. Bryant*, 127 Idaho 24, 28, 896 P.2d 350, 354 (Ct. App. 1995).

[2]     Equitable tolling has been recognized in Idaho: (1) where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, and (2) where mental disease, or psychotropic medication, or both prevented the petitioner from timely pursuing challenges to the conviction. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011).