**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41183**

| | | |
|---|---|---|
| JOHN MEIER, | ) | **2015 Unpublished Opinion No. 312** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: January 16, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| STATE OF IDAHO, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment of the district court summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

John Meier, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

John Meier appeals pro se from the judgment of the district court summarily dismissing his first successive petition for post-conviction relief as untimely. For the reasons that follow, we affirm.

Meier entered an *Alford*[1] plea to possession of sexually exploitative material and admitted to being a persistent violator. The trial court sentenced Meier to a fixed life sentence. We affirmed Meier's sentence in *State v. Meier*, Docket No. 34261 (Ct. App. Feb. 1, 2008) (unpublished), and a remittitur was issued in June 2008. Meier filed a pro se petition for post-conviction relief, alleging that defense counsel provided ineffective assistance and arguing that his guilty plea was coerced. After an evidentiary hearing, the district court dismissed Meier's petition, determining that Meier had not met his burden of showing that counsel was ineffective

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

or that the guilty plea was coerced. We affirmed in *Meier v. State*, Docket No. 36112 (Ct. App. May 11, 2010) (unpublished), and a remittitur was issued in June 2010.

In 2013, more than two and one-half years after the last remittitur was issued, Meier filed his first successive petition for post-conviction relief, the subject of this appeal. The successive petition alleged that defense and post-conviction counsel provided ineffective assistance; that the sentence was excessive; that the plea was not knowingly, intelligently, and voluntarily made; and that there is material evidence not presented that would require vacating the judgment of conviction. On Meier's motion, the district court appointed counsel for Meier. After the court granted the State's motion to enlarge the time to respond to Meier's successive petition, the State moved for summary dismissal, arguing in part that the successive petition was untimely. The district court filed a notice of intent to dismiss. Meier, through counsel, responded to the notice of intent to dismiss, acknowledging that Meier had no admissible evidence to offer relating to the State's assertion that the successive petition was untimely. The district court entered a judgment dismissing the petition as untimely.

After the judgment was entered, Meier filed a pro se motion, which the district court characterized as motion to amend or alter the judgment under Idaho Rule of Civil Procedure 59(e) and to grant relief from judgment under I.R.C.P. 60(b). The district court denied the motion, expounding in part that Meier offered no reason to explain his failure to timely raise the issues he now wishes to assert in the post-judgment, pro se motion. Meier appealed.

Initially, we consider Meier's assertion that the district court abused its discretion by granting the State's motion to enlarge the time to respond to Meier's successive petition. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The district court did not abuse its discretion in granting the State's motion to enlarge the time to respond to Meier's successive petition. A district court is permitted to enlarge the time to respond under I.R.C.P. 6(b) for cause shown. Here, the State's motion averred that it was preparing for a murder trial. The district court correctly perceived the

issue as discretionary, acted within the bounds of its discretion, and reached its decision to grant the motion through an exercise of reason.

Meier argues in his opening brief that the district court's dismissal of his successive petition "was prejudicial and contradictive."[2]  We interpret this argument to assert that the district court incorrectly dismissed Meier's petition as untimely.  Under Idaho Code § 19-4902(a), any petition for post-conviction relief filed by Meier had to be filed within one year "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."  Here, the petition was untimely, even if the one-year time period ran from the June 2010 remittitur and the petition was subject to summary dismissal.  *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003) ("The failure to file a timely petition is a basis for dismissal of the petition.").  Moreover, Meier did not offer any evidence or argument below as to why equitable tolling should apply.[3]  More importantly, on appeal, Meier does not argue that "sufficient reason" exists for the filing of a successive petition, nor does he contend that the claims being made were asserted within a

---

[2]  Meier's opening brief also asserts that "the state left out vital elements of evidence that hindered [his] lawyer['s] ability to properly represent [him]" and that he is innocent.  We do not address these issues because they are not backed by cogent argument, authority, or citation to the record.  *See City of Meridian v. Petra Inc.*, 154 Idaho 425, 450, 299 P.3d 232, 257 (2013) ("This Court will not consider an argument not supported by cogent argument or authority.").

Meier also attempts to raise several issues in his reply brief.  We will not address issues that are raised for the first time in the reply brief, because "[a] reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief."  *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

[3]  Equitable tolling has been recognized in Idaho:  (1) where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials; and (2) where mental disease, or psychotropic medication, or both prevented the petitioner from timely pursuing challenges to the conviction.  *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011).  In addition, we have noted that "in some circumstances commencement of the limitation period may be delayed until the petitioner discovers the facts giving rise to the claim."  *Id.*

In the proceedings in the district court, it appears that Meier asserted that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), authorized his untimely filing.  *Martinez* held that the procedural bar applicable in *federal habeas corpus* proceedings does not apply when a state does not permit a post-conviction petition to raise a claim asserting ineffective assistance of counsel.  *See id.* at ___, 132 S. Ct. at 1320.  That holding is inapplicable to this state post-conviction proceeding.

3

reasonable time.  *See Charboneau v. State*, 144 Idaho 900, 905, 174 P.3d 870, 875 (2007); *see also* I.C. § 19-4908 (generally requiring that all allegations relating to a request for post-conviction relief be asserted in one petition).  Accordingly, we affirm the judgment of the district court summarily dismissing Meier's successive petition for post-conviction relief.

Judge LANSING and Judge GRATTON, **CONCUR**.