**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47532**

| | |
|---|---|
| SAMARI PRENTICE WINN, | ) |
| | ) Filed:  February 17, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Judgment of the district court dismissing petition for post-conviction relief, vacated; order denying motion to toll, affirmed.

Samari Prentice Winn, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Samari Prentice Winn appeals from the district court's judgment dismissing his "Motion to Toll I.C. § 19-4902, Petition for Post-Conviction."  Winn argues that the district court erred by denying his motion to toll the statute of limitations for filing a petition for post-conviction relief and erred by dismissing a petition for post-conviction relief.  For the reasons set forth below, we vacate the judgment dismissing a petition for post-conviction relief and we affirm the order denying Winn's motion to toll.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, Winn was convicted of two counts of aiding and abetting first degree murder and one count of aiding and abetting attempted first degree murder.  Winn appealed and this Court affirmed the judgment of conviction with a remittitur being issued on December 5, 2017.

*State v. Winn*, Docket No. 44345 (Ct. App. Nov. 21, 2017) (unpublished). On June 10, 2019, Winn filed a motion titled "Motion to Toll I.C. § 19-4902, Petition for Post-Conviction" which reads in full as follows:

> COMES NOW, Samari Prentice Winn, petitioner in the above entitled matter, and pursuant to I.R.C.P., Rule 7(b), moves this Court for an order tolling the one-year statute of limitations to commence a proceeding under I.C. § 19-4902, to file a petition for post-conviction. Petitioner was transferred out of state to two different institutions in Texas, and the legal documents relating to petitioner's case never followed.
>
> This motion is predicated on [the] affidavit of Samari Prentice Winn, exhibits, and Brief in support, all filed simultaneously.

In his supporting brief, Winn acknowledged that the statute of limitations to file a petition for post-conviction relief had run. Nonetheless, Winn argued that he was entitled to equitable tolling because he was transferred to various out-of-state facilities without access to his legal documents or Idaho legal resources he claimed he needed in order to pursue post-conviction relief. Winn requested the full one-year statutory time allowed by Idaho Code § 19-4902 to file a petition once he received access to his legal documents and Idaho legal materials. In his briefing, Winn explained: "Mr. Winn has arrived at this point of requesting this court toll the statute of limitations of I.C. § 19-4902. This request is made though Mr. Winn does not submit a petition for post-conviction or allege that he has any grounds for relief."

The State filed a response to Winn's motion requesting that the district court dismiss the motion and the case number assigned by the clerk's office. The State argued that Winn was not a petitioner because he was "yet to initiate a case with a petition." The district court issued an order denying Winn's motion to toll the statute of limitations finding "an equitable tolling argument is meant to be raised as part of an application/petition and [Winn] did not allege any claims or facts that would entitle him to post-conviction relief." In addition, the district court issued a notice of the court's intent to dismiss Winn's filing to the extent it was intended as a purported petition for post-conviction relief. The court allowed Winn thirty days to respond. Winn filed a response to the district court's denial of the motion to toll and notice of intent to dismiss. According to the district court, in Winn's response, Winn "did not raise any post-conviction claims or supporting arguments" but "simply reargued his motion to toll." Ultimately, the court found that Winn failed to state a valid claim for post-conviction relief or plead any claim with particularity. Consequently, the district court entered an order and a final judgment dismissing a petition for post-conviction relief. Winn timely appeals.

## II.

## ANALYSIS

Winn argues that the district court erred by denying his motion to toll and dismissing a petition for post-conviction relief. Specifically, Winn contends that the district court's decision on Winn's motion to toll denied him meaningful access to the courts. Winn claims that he is entitled to the "full statutory time" that every applicant is granted to file a petition for post-conviction relief and Winn requests "that a court determine what that time is." In response, the State, while acknowledging the arguments regarding tolling that it made in the district court, argues that Winn has failed to show error in the district court's order dismissing his petition for post-conviction relief for failure to state a claim.

We conclude that the district court did not err by denying Winn's motion to toll the statute of limitations. As the district court articulated, whether a petition is timely filed is addressed after a petitioner files an application for post-conviction relief and not in a pre-petition motion. A party is not authorized, as Winn argues, to file a motion to toll before initiating a civil proceeding for post-conviction relief. *See Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009) (explaining that a petition for post-conviction relief initiates a proceeding that is civil in nature). Here, Winn improperly filed his motion to toll before initiating a proceeding for post-conviction relief. Consequently, the district court did not err by denying Winn's motion to toll.

Moreover, Winn requested that the district court make a decision that it was incapable of making. When an application for post-conviction relief is filed and tolling is raised, the court determines whether tolling is appropriate by analyzing when and whether an impediment to filing existed, when any such impediment was removed, and if the petitioner filed for post-conviction relief within a reasonable time after the impediment was removed. *See, e.g.*, *Schultz v. State*, 151 Idaho 383, 387, 256 P.3d 791, 795 (Ct. App. 2011). Here, when Winn filed his motion, the impediment that he claimed existed[1] was yet to be removed and Winn was yet to file

---

[1]     At one point, Winn acknowledged having his legal boxes while still in Idaho. Weeks later, Winn claimed he was transferred out of state without his materials or access to legal resources. Later still, Winn acknowledged that he had adequate legal resources, but not his legal boxes. Ultimately, he stated that he had both access to his legal materials and adequate legal resources at some point after his motion was filed. We express no position on any issue attendant to application of tolling as urged by Winn or under the circumstances alleged.

a petition for post-conviction relief. Thus, Winn's request was for the court to determine how long he had to file a petition from an unknown future date based upon his alleged impediments to filing. The district court cannot make that determination in the absence of a post-conviction petition that alleges specific claims for relief. Therefore, the district court did not err by denying Winn's premature motion to toll.

However, we conclude that the district court erred by dismissing any purported petition for post-conviction relief because Winn did not file a petition. Although Winn used an incorrect procedure relative to post-conviction, Winn expressly disavowed filing a petition for post-conviction relief. As set forth above, Winn made clear in his motion to toll that he was not filing a petition for post-conviction relief. He makes the same clear on appeal. Winn simply filed a motion and not a petition. Therefore, the district court erred by dismissing a petition that did not exist.

## III.
## CONCLUSION

The district court did not err by denying Winn's motion to toll. However, the district court erred by entering an order dismissing a non-existent petition for post-conviction relief. Accordingly, we vacate the district court's judgment dismissing a petition for post-conviction relief and we affirm the district court's order denying Winn's motion to toll.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.