**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48562**

| | |
|---|---|
| CLINTON BRIAN RUSH, | ) |
| | ) **Filed: February 11, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Olsen Taggart PLLC; Nathan M. Olsen, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Clinton Brian Rush appeals from the district court's order summarily dismissing his petition for post-conviction relief. Rush alleges the district court erred because he alleged facts to support his claim that the time for filing his petition was equitably tolled. Rush filed his petition outside the statute of limitations, and he failed to establish that the time for filing his petition should have been tolled. Accordingly, the district court did not err, and the order summarily dismissing Rush's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal proceeding, the State charged Rush with two counts of felony battery on a law enforcement officer, felony possession of a controlled substance, and misdemeanor resisting and/or obstructing a law enforcement officer. During the course of the criminal case, Rush was found to be incompetent and was committed to the custody of the Idaho

1

Department of Health and Welfare (Department) for care and treatment. After a few months, the Department deemed Rush competent; thereafter, the trial court found Rush fit to proceed and terminated the order of commitment. Pursuant to an Idaho Criminal Rule 11 plea agreement, Rush waived his right to appeal and pleaded guilty to one count of felony possession of a controlled substance, an amended charge of misdemeanor battery on a law enforcement officer, and misdemeanor possession of a controlled substance. The remaining felony charge of battery on a law enforcement officer was dismissed. On November 7, 2018, the trial court imposed a unified sentence of five years, with one year determinate, for the felony charge, and ordered credit for jail time served for both misdemeanors. Rush did not appeal and, accordingly, the judgment became final on December 19, 2018.

Rush then obtained private counsel, who filed several civil pleadings in federal court arising from Rush's state criminal case. On May 8, 2020, Rush's private counsel also filed a petition for post-conviction relief on behalf of Rush, alleging ineffective assistance of trial counsel for failing to file any pretrial motions to suppress evidence, to test the clothing that Rush wore on the day of his arrest, or to undertake any other defensive measures in the criminal proceeding. The State moved for summary dismissal, arguing that Rush's petition was untimely because it was filed more than one year after his judgment of conviction became final. Rush opposed the State's motion, contending that the alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), ineffective assistance of trial counsel, and mental health issues tolled the time for filing his post-conviction. After a hearing, the district court found Rush's petition for post-conviction was untimely and entered an order dismissing the petition. Rush timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001). As such, our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

Rush alleges the district court erred in summarily dismissing his petition for post-conviction relief because the time for filing the petition was equitably tolled by alleged *Brady* violations, ineffective assistance of counsel, and Rush's mental health issues. Rush further argues the district court erred because the court did not exercise the appropriate standard of review, failed to address the issues raised by Rush in response to the State's motion for summary dismissal, and addressed issues not raised in the State's motion for which Rush had no opportunity to brief or refute. In response, the State argues the district court did not err.

Preliminarily, we must address what claims we will, and will not, address on appeal. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). First, we note that Rush does not identify what standard of review he believed the district court applied or how it was error; consequently, we have no argument from which to analyze the issue.[1] Accordingly, we decline to address this claim on appeal. Second, other than the assertions that the time for filing the petition was equitably tolled by alleged *Brady* violations, ineffective assistance of counsel, and Rush's mental health issues (all of which the district court addressed), Rush does not identify other issues that he believes the court should have addressed but did not.[2] Consequently, Rush waives those claims for purposes of appeal. Third, Rush does not identify which of the district court's holdings were on bases other than those raised in the State's motion for summary dismissal. Without identifying which of the district court's holdings were raised for the first time in the order granting the State's motion for summary dismissal, this Court declines to address the argument that Rush did not have

---

[1] It appears Rush believes the district court erred by addressing his claims on the merits, instead of determining whether he made a prima facie case for the elements of each claim. While a claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof, *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011), a review of the district court's opinion demonstrates that the court implicitly found that Rush's petition failed to meet his burden in this regard; the court addressed each claim, found there was an insufficient factual basis for each claim, and summarily dismissed the petition.

[2] Although Rush argues the district court inappropriately researched Rush's mental health diagnoses independently, he does not argue how the court used this finding as a basis on which to grant the State's motion to dismiss; consequently, we decline to address this alleged error.

3

notice of the grounds for dismissal. Finally, in his opening brief, Rush asserted that the district court referred to "evidence" throughout its order rather than "allegations." However, Rush fails to point to any specific examples or provide argument and authority that such a reference is incorrect; thus, like the other issues, any allegation of error is waived on appeal. As a result, we will only address the following three issues raised in Rush's opening brief: whether the time for filing his petition for post-conviction relief was equitably tolled by alleged *Brady* violations, by ineffective assistance of counsel, or by mental health issues.

The statute of limitations for a post-conviction action provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of an appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Although when a petitioner files a petition for post-conviction relief outside of the statute of limitation, he "waive[s] such claims for relief as were known, or reasonably should have been known." I.C. § 19-2719. The Idaho Supreme Court has recognized that rigid application of the statute of limitations "would preclude courts from considering claims which simply are not known to the defendant within the time limit, yet raise important due process issues." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (internal quotations omitted). However, "[t]he standard for application of equitable tolling in post-conviction actions is a stringent one." *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (2011); *see also Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (2014) (noting bar for equitable tolling in post-conviction cases is high). Equitable tolling is allowed if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control or if some unlawful state action has hidden from the petitioner the facts underlying the claim. *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *see also Mahler*, 157 Idaho at 215, 335 P.3d at 60 (noting courts only apply equitable tolling in rare and exceptional circumstances beyond petitioner's control). The petitioner bears the burden of showing the circumstances warrant the tolling of the one-year statute of limitation, *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206, and equitable tolling is not allowed for "a petitioner's own inaction." *Schultz*, 151 Idaho at 386, 256 P.3d at 794.

**A.      Alleged *Brady* Violations Did Not Provide Grounds to Equitably Toll Time to File Petition**

Generally, Rush argues he provided a sufficient factual basis as to whether the time for filing the petition for post-conviction relief should be equitably tolled. Rush argues the State violated *Brady* by withholding material, exculpatory evidence because the officers involved in Rush's arrest allegedly provided false testimony in the underlying criminal proceeding.[3] Specifically, Rush alleges officers falsely stated they directed pepper spray at Rush's face during the altercation with Rush, when they actually sprayed his groin area. Additionally, Rush alleges at the preliminary hearing, an officer falsely testified that he found drugs on Rush during a search at the jail (Rush suggests this testimony was false because no drugs were found during a search of his person at the scene of his arrest.). Rush argues by permitting these allegedly untruthful statements, the State withheld "truthful" testimony and, thus, violated his due process rights.

Due process requires all material exculpatory evidence known to the State or in its possession be disclosed to the defendant. *Brady*, 373 U.S. at 87; *Grube v. State*, 134 Idaho 24, 27, 995 P.2d 794, 797 (2000). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). As previously articulated, when a petitioner files a petition for post-conviction relief outside of the statute of limitation, he "waive[s] such claims for relief as were known, or reasonably should have been known." I.C. § 19-2719. However, in instances of a *Brady* violation, the statute of limitation may be tolled until discovery of the violation. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070.

Here, the statements Rush points to do not constitute *Brady* violations. Rush asserts the false statement concerning the deployment of pepper spray came from an officer's police report narrative of the incident. However, Rush does not allege the State concealed this police report from him or that he did not have access to it until after his criminal judgment became final. Similarly, Rush admits the officer's testimony related to the discovery of drugs on Rush during a search at the jail came from the preliminary hearing at which Rush was present. Because the State

---

[3]      The testimony which Rush references allegedly stems from a police report narrative of the incident and one officer's testimony at the preliminary hearing, neither of which are in the record on appeal.

did not withhold either of the statements at issue from Rush, there is no *Brady* violation. Therefore, a *Brady* violation could not have tolled the time period for filing a post-conviction petition.

Similarly, Rush's assertion that "truthful" testimony has been withheld and, therefore, constitutes *Brady* material is unpersuasive. First, Rush had the opportunity to cross-examine the officers at the preliminary hearing. Second, Rush's opinion about what the "truthful" testimony would have been is speculative and, therefore, insufficient to substantiate his claim. *See Hall v. State*, 156 Idaho 125, 132, 320 P.3d 1284, 1291 (Ct. App. 2014) (holding post-conviction petition is subject to summary dismissal when claim is based on nothing more than speculation). Thus, Rush has failed to provide facts supporting a *Brady* violation and, therefore, a basis for tolling the period for filing his petition for post-conviction relief."

**B.    Alleged Ineffective Assistance of Counsel Did Not Provide Grounds to Equitably Toll Time to File Petition**

Rush argues his trial counsel provided ineffective assistance by not conducting an investigation to corroborate Rush's allegation that the officers sprayed his groin area with pepper spray because if the boxers he wore on the day of his arrest were tested, he would not have been convicted of the charged offenses.[4] Due to Rush's alleged incapacity during the criminal proceedings, he alleges he could not have discovered that his trial counsel rendered ineffective assistance until after his boxers were tested. Thus, Rush argues the time for filing his post-conviction petition should be tolled until his boxers were tested in March 2020.

When a petitioner files a petition for post-conviction relief outside of the statute of limitation, he "waive[s] such claims for relief as were known, or reasonably should have been known," I.C. § 19-2719, and a petitioner's own inaction does not provide a basis to equitably toll the time to file a post-conviction action. *Schultz*, 151 Idaho at 386, 256 P.3d at 794. Idaho appellate courts have repeatedly held that "ineffective assistance of counsel is one of those claims that should be reasonably known immediately upon the completion of the trial and can be raised in a post-conviction proceeding." *State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). We see no reason why ineffective assistance of counsel claims should be analyzed differently when a defendant pleads guilty instead of going to trial. Thus, generally ineffective assistance of counsel

---

[4]    It is difficult to understand how the testing of Rush's boxers would have resulted in Rush not being convicted for the relevant offenses. It is undisputed that the charges arising from the incident were premised on either Rush's behavior before he was pepper sprayed or were completely independent of the pepper spray incident.

6

claims do not toll the time to file petitions for post-conviction relief. *See Rhoades*, 148 Idaho at 253, 220 P.3d at 1072.

Although Rush argues his mental incapacity rendered him unable to know of the ineffective assistance of trial counsel claim until after the boxers were tested and, thus, the time period for filing his petition for post-conviction relief should be tolled, this Court is not convinced. Rush admits in his briefing that he personally raised the allegations that the officers pepper sprayed his groin area and that his boxers contained evidence of the incident at the preliminary hearing. Given that fact, during the course of his criminal proceeding and the one-year period following the entry of the judgment of conviction, Rush knew or reasonably should have known the facts underlying this claim. Accordingly, as related to the alleged ineffective assistance of counsel, Rush failed to provide facts which, if true, would entitle him to the tolling of the time period to file his petition.

## C. Alleged Incompetence Did Not Provide Grounds to Equitably Toll the Time to File Petition

Rush argues his incompetence stemming from diagnosed mental health issues tolled the time to file his petition for post-conviction relief. Specifically, Rush alleges:

> during the entire time of his incarceration, from the time of the arrest, to the acceptance of the plea and thereafter, Rush has been diagnosed with Paranoid Schizophrenia (bipolar type), and Antisocial Personality Disorder. He was held by a licensed psychologist to not be competent to assist in his defense, which Rush alleges was still the case at the time that he accepted a plea deal and the court sentenced him.

Idaho courts have recognized the time period for filing a petition for post-conviction relief may be equitably tolled where a mental disease or psychotropic medication renders a petitioner incompetent and prevents him from earlier pursuing challenges to his conviction. *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206. Rush asserts that he was diagnosed with paranoid schizophrenia, was deemed to be incompetent at one point during the criminal proceedings, and remained incompetent when he accepted the plea deal and was sentenced. Notwithstanding these claims, Rush makes no argument that his mental health diagnosis rendered him incompetent and prevented him from timely filing his petition for post-conviction relief within the relevant time period *after* the judgment of conviction became final. Moreover, as noted by the district court, Rush's claims are disproven by the record.

While Rush was deemed incompetent during some of the criminal proceedings, the Department and the trial court subsequently found Rush fit to proceed. During this period of

competency, Rush entered his guilty plea. As the district court noted, Rush did not challenge the trial court's finding that he was competent at the time he entered his guilty plea or that his plea was knowingly, intelligently, and voluntarily entered. Further, Rush obtained private counsel after his conviction. This private counsel filed several pleadings in federal court, including a civil suit against the Idaho State Police and several named officers prior to filing Rush's petition for post-conviction relief. Thus, in the time period after conviction, Rush fails to demonstrate that his incompetence prevented his private counsel from timely filing a petition for post-conviction relief. Accordingly, Rush did not argue or present evidence showing that his mental health diagnosis prevented him from timely filing his petition for post-conviction relief.

**D.      Rush Waived Argument That His Cumulative Claims Equitably Tolled the Time to File His Petition for Post-Conviction Relief**

In his reply brief, Rush argues this Court should not analyze his three previously addressed bases for tolling the time to file his petition for post-conviction relief separately. Instead, Rush argues we should determine whether cumulatively they provide a basis to equitably toll the time to file his petition.

"A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Accordingly, we will not consider arguments raised for the first time in the appellant's reply brief. *Id.* In his initial brief, Rush did not assert that this Court should review his claims cumulatively to determine if the district court erred in summarily dismissing his petition for post-conviction relief. Instead, Rush argued that his allegations of *Brady* violations, ineffective assistance of counsel, and mental health issues each provided a separate basis to toll the time for filing his petition. This is consistent with Rush's arguments to the district court, where he argued that each allegation provided an independent basis to toll the time period to file his petition.[5] Generally, issues not raised below

---

[5]      While it is possible Rush raised the claim in the summary dismissal hearing, a transcript of the hearing is not in the appellate record and the district court did not address the assertion that the claims should be addressed cumulatively in its order summarily dismissing his petition for post-conviction relief. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). As such, Rush waived consideration of his argument that cumulatively these allegations provided a basis to toll the time to file his petition for post-conviction relief.

## IV.

## CONCLUSION

Rush failed to factually support any of his claims for equitable tolling of the time period to file his petition for post-conviction relief. As Rush did not file his petition for post-conviction relief within the statute of limitation for post-conviction actions, the petition was untimely. Accordingly, the district court did not err in summarily dismissing Rush's petition for post-conviction relief.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.