IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 33255/33256

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | 2009 Opinion No. 41 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: May 29, 2009 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| WALLY KAY SCHULTZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. John M. Melanson, District Judge.

Appeal from judgment of conviction for domestic violence, <u>dismissed</u>.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Ann Wilkinson and Kenneth K. Jorgensen, Deputies Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Chief Judge

Wally Kay Schultz appeals from his judgment of conviction for felony domestic violence, alleging prosecutorial misconduct in the State's closing argument at trial. We dismiss his appeal because it was not timely filed.

I.

BACKGROUND

Schultz was convicted on December 15, 2005, of felony domestic violence, Idaho Code §§ 18-903, 18-918. Schultz was sentenced to a term of imprisonment, but the district court retained jurisdiction for 180 days pursuant to I.C. § 19-2601(4). At a "rider review"[1] hearing on

---

[1] The incarceration during a period of retained jurisdiction is commonly referred to as a "rider."

1

May 22, 2006, the district court suspended the sentence and placed Schultz on probation. On the same day the court issued what it entitled a "Temporary Order on Rider Review" that stated,

> NOW, THEREFORE, IT IS HEREBY ORDERED that the above defendant be sentenced to: <u>Previously ordered sentence is suspended and defendant is placed on five (5) years supervised probation with the usual terms and conditions imposed by the Court plus specific terms identified by the Court on 5-22-06. Defendant to report to Probation and Parole office before 5:00 p.m. today.</u> (A copy of the formal paperwork will be forthcoming as soon as possible.)

(Underlining in original.) Three days later, on May 25, 2006, the district court issued another order, which it called an "Order Upon 180-Day Review Hearing, I.C. §19-2601(4)." This more detailed order recited relevant law and facts and then stated,

> The Court . . . now enters the following order:
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the sentence ordered on 12/15/2005, in the above entitled matter is suspended (the costs and fine portion is not suspended) and the defendant is placed on probation for a period of five (5) year(s) beginning on 05/22/2006 to and under the control of the Idaho State Board of Correction, (I.C. § 19-2601(5), I.C. § 20-219, and I.C.R. 33(d)), subject to the following terms: . . . .

On July 6, 2006, forty-five days after the May 22 order and forty-two days after the May 25 order, Schultz filed his notice of appeal from the judgment of conviction. On appeal he asserts prosecutorial misconduct in the State's closing argument at trial. The State contends that this Court has no jurisdiction to address the merits of Schultz's claim of error because the appeal was not timely filed.

## II.

## ANALYSIS

We must begin with the State's assertion that Schultz's appeal was filed more than forty-two days after the district court placed Schultz on probation and that, consequently, Schultz's appeal was not commenced within the time limit prescribed by Idaho Appellate Rule 14(a). An appellant's failure to file a timely notice of appeal deprives the appellate court of jurisdiction and requires dismissal of the appeal. I.A.R. 21; *Baker v. State*, 142 Idaho 411, 418, 128 P.3d 948, 955 (Ct. App. 2005); *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct. App. 1982). A convicted criminal defendant generally must file a notice of appeal within forty-two days after the judgment of conviction was filed. This appeal period is enlarged, however, by the length of time that the district court retains jurisdiction under I.C. § 19-2601(4). I.A.R. 14(a). In that

circumstance, the time to appeal from the judgment of conviction begins to run "[w]hen the court releases its retained jurisdiction or places the defendant on probation." *Id. See also State v. Swan*, 113 Idaho 859, 860-61, 748 P.2d 1389, 1390-91 (Ct. App. 1988). Thus, the question presented by this appeal is whether the time for Schultz to file a notice of appeal began running from the May 22 "temporary" order or from the more detailed May 25 order.

Schultz argues that because the title of the May 22 order indicates the order is temporary, it is not the formal order from which the appeal period should be calculated. He asserts that it is the May 25 order, which is not referred to as "temporary" and is more detailed in its terms, that launched the forty-two-day appeal period.

We cannot agree. Although Schultz presents various policy arguments in favor of calculating the appeal period from the May 25 order, the fact remains that it was the May 22 order that actually placed Schultz on probation and that first laid down his terms of probation, stating they were the "usual terms and conditions imposed by the Court plus specific terms identified by the Court on 5-22-06." Schultz was actually on probation from that date. This is confirmed by a provision in the May 22 order directing Schultz to report to the probation and parole office that day. It is also confirmed by the statement in the May 25 order that "the defendant is placed on probation . . . beginning on 05/22/2006," thus recognizing that Schultz had already been placed on probation three days earlier. Though we recognize that the district court's labeling of the May 22 order as "temporary" carried with it a potential for confusion, the terms of both the May 22 order and the May 25 order, considered as a whole, show that May 22 is the date Schultz was actually placed on probation. *See Crabtree v. State*, 144 Idaho 489, 493, 163 P.3d 1201, 1205 (Ct. App. 2006) ("[A]n order or judgment is determined to be appealable based on its substance, not its title"). Because I.A.R. 14(a) says that the time for an appeal begins to run "when the court . . . places the defendant on probation," it is the May 22 order that initiated Schultz's appeal period.

It follows that July 3, 2006 was the last day for Schultz to file his notice of appeal.[2] Because he missed this deadline by three days, this Court lacks jurisdiction to hear his appeal.

---

[2]     We note that an appeal challenging any alleged substantive change from the May 22 order made by the May 25 order could have been filed as late as forty-two days after the second order. *See Walton, Inc. v. Jensen*, 132 Idaho 716, 720, 979 P.2d 118, 122 (Ct. App. 1999); *State*

I.A.R. 21; *Carr v. Carr*, 116 Idaho 754, 757-58, 779 P.2d 429, 432-33 (Ct. App. 1989); *Tucker*, 103 Idaho at 888, 655 P.2d at 95.

Accordingly, this appeal is dismissed.

Judge PERRY and Judge GRATTON **CONCUR.**

---

*v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996). However, Schultz does not predicate his appeal on any such change or alteration in the orders.

4