**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42095**

| | | |
|---|---|---|
| WALLY KAY SCHULTZ, | ) | **2015 Opinion No. 71** |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 2, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment and order dismissing successive petition for post-conviction relief, affirmed.

Wally Kay Schultz, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

SCHWARTZMAN, Judge Pro Tem

Wally Kay Schultz appeals from the district court's summary dismissal of his second verified amended successive petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCDURAL BACKGROUND**

Schultz was found guilty of felony domestic battery and pleaded guilty to felony possession of a controlled substance. The cases were apparently consolidated for sentencing and the district court entered judgments of conviction in December 2005, but retained jurisdiction over Schultz. *Schultz v. State*, 151 Idaho 383, 384, 256 P.3d 791, 792 (Ct. App. 2011).

After Schultz successfully completed the retained jurisdiction program, the district court placed him on probation for five years. To that end, the court issued a "Temporary Order on Rider Review" on May 22, 2006, that stated Schultz was placed on probation with "the usual terms and conditions" and noted that a copy of the "the formal paperwork" would be

1

forthcoming. *State v. Schultz*, 147 Idaho 675, 676, 214 P.3d 661, 662 (Ct. App. 2009). Three days later, on May 25, 2006, the district court issued another order entitled, "Order Upon 180-Day Review Hearing, I.C. § 19-2601(4)." *Id.* This order also purported to place Schultz on probation and outlined more specific terms of probation. *Id.*

Schultz filed notices of appeal from his judgments of conviction on July 6, 2006, forty-five days after the May 22 order and forty-two days after the May 25 order. The State argued that Shultz's appeal should be dismissed as untimely because the forty-two-day deadline for filing should have started to run from the May 22 order. This Court ultimately agreed with the State and dismissed Schultz's appeal on May 29, 2009. *Id.*

Schultz then filed post-conviction petitions in both cases. *Schultz*, 151 Idaho at 384, 256 P.3d at 792. Schultz asserted numerous instances of ineffective assistance of trial counsel and prosecutorial misconduct, but neither petition mentioned failure of counsel to file a timely appeal. *Id.* at 384-85, 256 P.3d at 792-93. After the State filed its answer, Schultz tried to amend his petition to claim counsel was ineffective for failure to timely file an appeal. *Id.* at 385, 256 P.3d at 793. However, because he did not obtain permission to amend his petition, the claim was not considered by the district court. The district court dismissed both original petitions on the ground they were untimely pursuant to I.C. § 19-4902(a). *Id.* at 385, 256 P.3d at 793. The cases were consolidated for appeal, and this Court affirmed the district court's summary dismissal of both original petitions. *Id.* at 387, 256 P.3d at 795.

Schultz then filed a pro se successive petition for post-conviction relief in which he referenced both underlying criminal cases. Schultz asserted that his initial post-conviction counsel was ineffective for inadequately raising his ineffective assistance of trial counsel claims. The district court appointed counsel to represent Schultz on the successive petition. Through appointed counsel, Schultz filed an amended successive post-conviction petition in which he asserted, *inter alia*, that his trial counsel was ineffective for failing to file a timely notice of appeal. The district court summarily dismissed the successive petition. However, this Court reversed the district court's summary dismissal order and remanded the case after concluding that the district court failed to provide required notice prior to dismissal. *Schultz v. State*, No. 40391 (Ct. App. July 31, 2013) (unpublished). This Court did not address whether there are circumstances in which there may be a constitutional right to effective assistance of counsel in a post-conviction proceeding. *Id.*

2

Upon remand, the district court entered a notice of intent to dismiss the successive post-conviction petition. It then summarily dismissed Schultz's newly discovered evidence claim, but permitted additional briefing on his claim that trial counsel was ineffective for failing to file a timely notice of appeal. Schultz acknowledged that he failed to raise his IAC-notice of appeal claim in his initial post-conviction petition, but asserted that ineffective assistance of his initial post-conviction counsel constituted "sufficient reason" to file a successive petition pursuant to I.C. § 19-4608. After providing notice, the district court summarily dismissed Schultz's claim. The court concluded that the successive petition was barred by I.C. § 19-4908, and that Schultz's argument that ineffective assistance of his initial post-conviction counsel justified the filing of the successive petition was precluded by the recent Idaho Supreme Court decision of *Murphy v. State*, 156 Idaho 389, 392-95, 327 P.3d 365, 368-71 (2014).

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Schultz argues that his successive petition is justified by alleged ineffective assistance of his initial post-conviction counsel. Any ground not raised in an original, supplemental, or amended application for post-conviction relief may not be the basis for a subsequent application, unless the court finds sufficient reason for the ground not being raised previously. I.C. § 19-4908. There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient

3

reason for filing a successive petition for post-conviction relief. *Murphy*, 156 at 395, 327 P.3d at 371.

The United States Supreme Court has held:

[Post-conviction relief] is not part of the criminal proceeding itself, and is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

*Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (internal citations omitted). "Where there is no right to counsel, there can be no deprivation of effective assistance of counsel." *Murphy*, 156 Idaho at 395, 327 P.3d at 371.

In *Murphy*, the appellant argued that ineffective assistance of post-conviction counsel constitutes a sufficient reason to bring a successive post-conviction petition under I.C. § 19-4908. *Murphy*, 156 Idaho at 390, 327 P.3d at 366. Murphy was convicted of first degree murder, and her conviction and sentence were affirmed on appeal. Murphy, assisted by counsel, filed an application for post-conviction relief. After an evidentiary hearing, the district court denied post-conviction relief to Murphy. During the pendency of the appeal, Murphy filed a successive petition for post-conviction relief, arguing that post-conviction counsel either failed to raise the claims or failed to properly present them in the first post-conviction proceeding. *Id.* at 392, 327 P.3d at 368. The district court summarily dismissed the successive petition. The Supreme Court affirmed, finding that there is no statutory right to post-conviction counsel, nor is ineffectiveness of post-conviction counsel a ground for relief in subsequent post-conviction proceedings. *Id.* at 395, 327 P.3d at 371. Therefore, ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition. *Murphy*, at 395, 327 P.3d at 371.

Despite *Murphy*, Schultz argues that inadequate assistance of counsel at an initial-review collateral proceeding can establish cause for a prisoner's procedural default claim in a state post-conviction proceeding. In support of this argument, Schultz relies on *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013).

In *Martinez*, the United States Supreme Court was asked to decide whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas corpus proceeding. *Martinez*, at

4

___, 132 S. Ct. at 1315. Because the state of Arizona prohibited a claim of ineffective assistance of counsel on direct appeal, the Court answered the question in the affirmative. The Court stated as follows:

> By deliberately choosing to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims. It is within the context of this state procedural framework that counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default.

*Id.* at ___, 132 S. Ct. at 1318. The Court cautioned that the ruling was equitable in nature, not constitutional, and further stated that state collateral cases on direct review from state courts are unaffected by the ruling. *Id.* at ___, 132 S. Ct. at 1319-20.

In *Trevino*, the Supreme Court asked whether there was a distinction between a state that denies permission to raise a claim of ineffective assistance of trial counsel on direct appeal and "a State that in theory grants permission but, as a matter of procedural design and systemic operation, denies a meaningful opportunity to do so." *Trevino*, at ___, 133 S. Ct. at 1921. The Court found that the distinction is without a difference and that *Martinez* applies to a state procedural framework where by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. *Id.*

Schultz argues that Idaho's procedural framework makes it highly unlikely that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. In support, Schultz cites *State v. Saxton*, 133 Idaho 546, 549-50, 989 P.2d 288, 291-92 (Ct. App. 1999), which states, "[W]e customarily decline to address [ineffective assistance of counsel] claims on direct appeal from the judgment of conviction, and we have repeatedly admonished that they are more appropriately pursued through post-conviction relief actions, where the evidentiary record can be properly developed."

*Martinez* and *Trevino* create narrow exceptions for overcoming procedural bars in a federal habeas corpus proceeding. They do not, however, hold there is a constitutional right to effective assistance of counsel in a state post-conviction proceeding. In fact, the Court in *Martinez* stated, "[S]tate collateral cases on direct review from state courts are unaffected by the ruling in this case." *Martinez*, at ___, 132 S. Ct. at 1320. Because this is not a federal habeas corpus proceeding, *Martinez* and *Trevino* do not apply.

Therefore, to bring a successive post-conviction application, Schultz must overcome the procedural bars in I.C. § 19-4908. He has not. Schultz's only reason for not raising his ineffective assistance of trial counsel claim is ineffective assistance of post-conviction counsel. This is not sufficient reason to bring a successive post-conviction application. *Murphy*, 156 Idaho 389, 327 P.3d 365.

## IV.

## CONCLUSION

Based on the foregoing, this Court affirms the district court's order dismissing Schultz's successive post-conviction petition.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

Judge Pro Tem SCHWARTZMAN, **ALSO SPECIALLY CONCURRING**.

I write separately to highlight some of the legal incongruities and ironies associated with this case. Because of a three-day lag between the trial court's "Temporary Order on Rider Review" and its subsequent "Order Upon 180-Day Review Hearing," trial counsel missed the forty-two-day appellate filing deadline by three days. Such a mistake is at least "understandable" given the peculiar and somewhat unique rider review orders following upon each other over a three-day period. As a result, the Court of Appeals has had FOUR appeals by Schultz, one direct and three UPCPA petitions.[1] Schultz has yet to have a direct appellate review of his underlying convictions dating from 2005. Given the course of these proceedings, it is unlikely Schultz will ever get such a review. Every judge on this Court has had to deal with a Schultz case, and that even includes newly appointed Judge Huskey who dealt with one as a state appellate public defender.

To say the least, the procedural history of this case conjures up a vision of a "Kafkaesque" labyrinth, in which a hapless litigant can't even find the right door to get into court.[2] Had this Court been able to take up and consider the underlying merits of Schultz's first direct appeal, this entire procedural entanglement could have been avoided, saving countless

---

[1]    I do not include in this history *State v. Schultz*, 155 Idaho 877, 318 P.3d 646 (Ct. App. 2013).

[2]    Kafkaesque, as noted in Webster's New World College Dictionary, is generally defined as characteristic of, or like the writings of Franz Kafka, esp. surreal, frustratingly nightmarish, confusing complex, etc.

6

hours of legal work for the governmental and judicial entities involved.  But, alas, it was not to be; and the case continues to have a half-life that might next morph into the federal court system.