**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49289**

| | |
|---|---|
| RAUL EDGAR HERRERA, | ) |
| | ) **Filed: May 12, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Raul Edgar Herrera, Kuna, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Raul Edgar Herrera appeals from the summary dismissal of his successive petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Herrera's successive petition for post-conviction relief follows a lengthy procedural history involving his underlying criminal case and his first petition for post-conviction relief. This Court previously set forth that procedural background in its decision affirming the summary dismissal of Herrera's first petition:

> In 2015, a jury convicted Herrera of first degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003(a), 18-204; robbery, I.C. §§ 18-6501, 18-6502, 18-6503, 18-204; burglary, I.C. §§ 18-1401, 18-204; second degree kidnapping, I.C. §§ 18-4501, 18-4503, 18-204; and aggravated battery, I.C. §§ 18-903(a), 18-907(a), 18-

1

204. The district court sentenced Herrera to concurrent sentences of life with thirty-five years determinate for first degree murder, life with thirty years determinate for robbery, ten years determinate for burglary, life with twenty years determinate for second degree kidnapping, and fifteen years determinate for aggravated battery. Herrera's sentences were affirmed on appeal in *State v. Herrera*, Docket No. 43975, (Ct. App. Dec. 13, 2016) (unpublished). Thereafter, Herrera filed an Idaho Criminal Rule 35 motion to correct an illegal sentence alleging, in part, that his sentence for second degree kidnapping exceeded the statutory maximum. The district court granted Herrera's motion as it related to second degree kidnapping, resentenced Herrera to twenty years determinate for the kidnapping charge, and entered an amended judgment. Herrera appealed from the district court's amended judgment and the Idaho Supreme Court affirmed the district court's judgment in *State v. Herrera*, 164 Idaho 440, 444, 431 P.3d 275, 279 (2018).

In 2018, Herrera filed a pro se petition for post-conviction relief. Herrera was appointed counsel. Through appointed counsel, Herrera filed an amended petition and a second amended petition for post-conviction relief. As relevant to his claims on appeal, Herrera argued that his trial counsel was ineffective for (1) failing to investigate, interview, and present testimony of eye witnesses; (2) failing to request a jury instruction for accessory-after-the-fact in light of Herrera's defense that he was not present but admitted involvement after the crime was committed; and (3) failing to file a timely motion to suppress Herrera's statements to a co-defendant (Cervantes) while in police custody. In addition, Herrera contended that his trial counsel's deficient performance constituted cumulative prejudice. The State moved for summary dismissal of Herrera's second amended petition.

After a hearing, the district court granted the State's motion. As relevant to this appeal, the district court dismissed Herrera's claim that his trial counsel was ineffective for: (1) failing to call certain witnesses because it was not supported by admissible evidence and Herrera did not show that such a decision was not tactical; (2) failing to request an accessory-after-the-fact jury instruction because Herrera did not show that accessory-after-the-fact was a lesser-included offense of the crimes charged and, regardless, Herrera failed to show prejudice; and (3) failing to file a motion to suppress because Herrera did not present evidence of a Fifth Amendment or *Miranda* violation that would have entitled him to suppression of any of his statements. In addition, the district court concluded that Herrera's cumulative prejudice claim failed.

*Herrera v. State*, Docket No. 47097 (Ct. App. Nov. 9, 2020) (unpublished) (footnote omitted).

Herrera appealed the district court's summary dismissal of his first petition, and this Court affirmed that dismissal. *Id.*

In April 2021, Herrera filed a pro se successive petition for post-conviction relief asserting claims for ineffective assistance of trial counsel, appellate counsel, post-conviction counsel, and appellate post-conviction counsel and for a violation of his constitutional rights to a fair and impartial trial. The district court appointed counsel for Herrera, but that counsel did not file an

amended petition. The State moved for summary dismissal, and the court granted the motion. Regarding Herrera's claims of ineffective assistance of trial counsel and direct appellate counsel, the court ruled that the doctrine of res judicata barred the claims Herrera raised in his first petition and that he failed to provide a sufficient reason under I.C. § 19-4908 for not asserting other claims in that first petition. Regarding Herrera's claims for ineffective assistance of post-conviction counsel and appellate post-conviction counsel, the court ruled those claims were not cognizable under *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014).

Herrera timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Herrera challenges the district court's summary dismissal of his successive petition for post-conviction relief. Successive petitions are generally not allowed. I.C. § 19-4908 ("All grounds for relief available to an applicant under this Act must be raised in his original, supplemental or amended application."). A petitioner may only assert a claim in a successive petition if there exists "sufficient reason" the claim "was not asserted or was inadequately raised in the original [petition]." *Id.* A claim of ineffective assistance of post-conviction counsel, however, is not a sufficient reason for filing a successive petition. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. No constitutionally protected right exists to the effective assistance of counsel in post-conviction proceedings. *Id.* at 394, 327 P.3d at 370. Accordingly, ineffective assistance of post-conviction counsel is not a permissible basis for post-conviction relief. *Id.*

On appeal, Herrera generally lists the "issues presented on appeal" to include all of his numerous claims alleged in his successive post-conviction petition. With the limited exceptions noted below, however, Herrera fails to offer any argument or authority in support of each of these

3

"issues." Idaho Appellate Rule 35(a)(6) requires an appellant to present argument with respect to each appellate issue, including the reasons for his contentions and citations to supporting authority. Pro se litigants are held to the same standards and rules as litigants represented by an attorney. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). For this reason, pro se litigants are not excused from adhering to procedural rules. *Id.* A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, we address only those issues Herrera supports with argument.

Herrera only offers argument and authority in support of his allegation that his post-conviction counsel for the first petition was ineffective. Specifically, Herrera argues his counsel "did not timely include the exhibits prior to the summary dismissal hearing" on Herrera's first petition for post-conviction relief and "completely misrepresented [his] 5th Amendment claim that [he] requested counsel in the first initial interogation [sic]." Although Herrera acknowledges "Idaho does not recognize any absolute constitutional or statutory right to counsel in a post-conviction case" and cites *Murphy*, he asserts that under *Martinez v. Ryan*, 566 U.S. 1 (2012), he "has showed [sic] in the original petition what claims were improperly misrepresented by post-conviction counsel which later resulted in the summary dismissal and a denial of petition of review."

*Martinez* is inapplicable to Herrera's successive post-conviction petition in state court, however. In that case, Arizona law required Martinez to raise a claim of ineffective assistance of trial counsel in a petition for post-conviction relief. *Id.* at 4. After Martinez's post-conviction counsel failed to raise such a claim in Martinez's first petition, Martinez filed a second petition, alleging trial counsel's ineffective assistance. *Id.* at 5-7. The trial court dismissed Martinez's second petition because he should have raised his ineffective assistance of counsel claim in the first petition, and the state appellate court affirmed that dismissal. *Id.* at 7.

Thereafter, Martinez filed a petition for writ of habeas corpus in federal district court alleging ineffective assistance of trial counsel in the underlying criminal state court case. *Id.* After Martinez's federal habeas proceeding was dismissed, the United States Supreme Court addressed "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance of trial may provide cause for a procedural default in a federal habeas proceeding." *Id.* at 9. The Court ruled that a petitioner's failure to raise ineffective assistance of trial counsel in his initial state petition for post-conviction relief may be excused for a federal habeas corpus

proceeding if the state court did not appoint post-conviction counsel for the petitioner or if post-conviction counsel did not but should have raised ineffective assistance of trial counsel. *Id.* at 14. The Court cautioned, however, that this ruling was equitable in nature and not constitutional. *Id.* at 16. Further, the Court stated, "state collateral cases on direct review from state courts are unaffected by the ruling in this case." *Id.*

As this Court has previously ruled, *Martinez* "create[d] narrow exceptions for overcoming procedural bars in a federal habeas corpus proceeding." *Schultz v. State*, 159 Idaho 486, 489, 362 P.3d 561, 564 (Ct. App. 2015). It does not "hold there is a constitutional right to effective assistance of counsel in a state post-conviction proceeding." *Id.* Because this case is not a federal habeas corpus proceeding, *Martinez* does not apply. Rather, Herrera was required to but failed to overcome the procedural bars in I.C. § 19-4908.

In addition to Herrera's argument about his post-conviction counsel for his first petition, Herrera also complains about his post-conviction counsel for the successive petition, which is the subject of this appeal. Specifically, Herrera argues the counsel appointed to represent Herrera in his successive petition "made no argument" in support of his successive petition, and he "request[ed] another hearing . . . to properly assert his post-conviction claims." These allegations, however, are not properly before this Court. Herrera has not and cannot assert a claim challenging the ineffective assistance of his successive post-conviction counsel. The Idaho Supreme Court held in *Murphy* that, because there is neither a statutory right nor a constitutional right to effective assistance of post-conviction counsel, a petitioner may not assert a claim for ineffective assistance of post-conviction counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. As the Court noted, this rule precludes "ad infinitum" proceedings. *Id.* at 394, 327 P.3d at 370 (quotation omitted). For the same reason, Herrera cannot assert a claim, on appeal or otherwise, for ineffective assistance of successive post-conviction counsel.

## IV.
## CONCLUSION

We affirm the district court's summary dismissal of Herrera's successive petition for post-conviction relief.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.