**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50389 & 50390**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 19, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TONYA SUE ARNOLD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Appeal from judgments of conviction, <u>dismissed</u>; orders denying Idaho Criminal Rule 35(b) motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Tonya Sue Arnold appeals from her judgments of conviction for possession of a controlled substance and forgery. Arnold argues the district court abused its discretion by failing to redline portions of her presentence investigation report (PSI) or failing to include a redlined version in the appellate record, and by denying her Idaho Criminal Rule 35 motion. Because Arnold failed to timely appeal from her judgment of conviction, this Court lacks jurisdiction to consider her redlining argument on appeal. The district court did not abuse its discretion in denying Arnold's Rule 35 motions. The orders denying Arnold's Rule 35 motions are affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Docket No. 50389, the State charged Arnold by information with three counts of felony possession of a controlled substance, one count of misdemeanor possession of a controlled

1

substance, and one count of misdemeanor possession of drug paraphernalia. In Docket No. 50390, the State charged Arnold by information with four counts of forgery. Pursuant to a plea agreement, Arnold pleaded guilty to one count of felony possession of a controlled substance in the first case and one count of forgery in the second case, and the State dismissed the remaining charges in both cases. The district court consolidated the cases and sentenced Arnold to concurrent unified sentences of seven years, with two years determinate. Arnold filed a Rule 35 motion for a reduction of sentence in each case, which the district court denied. Arnold timely appealed.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law that may be raised at any time, and over which appellate courts exercise free review. *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006). A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).

## III.

## ANALYSIS

First, Arnold argues the district court abused its discretion by failing to ensure a corrected PSI was included as part of the appellate record and transmitted to the Idaho Department of Correction (IDOC) after the district court accepted Arnold's corrections at the sentencing hearing. The State argues this Court lacks jurisdiction to address Arnold's redlining claim because Arnold failed to timely appeal from her judgments of conviction. We agree with the State.

An appellant's failure to file a timely notice of appeal deprives the appellate court of jurisdiction and requires dismissal of the appeal. I.A.R. 21; *State v. Shultz*, 147 Idaho 675, 677, 214 P.3d 661, 663 (Ct. App. 2009). A convicted criminal defendant generally must file a notice of appeal within forty-two days after the judgment of conviction is filed. I.A.R. 14(a); *Shultz*, 147 Idaho at 677, 214 P.3d at 663. Idaho Appellate Rule 14(a) provides the basis for altering the timing of an appeal, stating:

> The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

2

Thus, while the filing of a Rule 35 motion can toll the period for filing an appeal, to do so it must be filed within fourteen days of the judgment of conviction. *See State v. Payan*, 128 Idaho 866, 868, 920 P.2d 82, 84 (Ct. App. 1996). In this case, Arnold's judgments of conviction were filed August 26, 2022. Therefore, Arnold's appeal, filed December 28, 2022, is untimely as to the judgments of conviction because Arnold failed to file her appeal within forty-two days of the filing of her judgments of conviction. I.A.R. 14(a); *Shultz*, 147 Idaho at 677, 214 P.3d at 663. Additionally, since Arnold's Rule 35 motions were filed November 29, 2022, Arnold's time to appeal was not tolled because her Rule 35 motions were not filed within fourteen days of the filing of her judgments of conviction. *See Payan*, 128 Idaho at 868, 920 P.2d at 84. Because this Court lacks jurisdiction to consider Arnold's PSI redlining argument on appeal, we cannot address it.

As a separate matter, in her opening brief, appellate counsel fails to acknowledge that the notice of appeal was not timely from the judgment of conviction and, thus, the redlining claim is not properly before this Court. Counsel similarly fails to acknowledge I.A.R. 14(a) and 21 and relevant adverse authority discussed in this opinion. Counsel is an experienced appellate attorney and was, or should have been, aware that the notice of appeal is untimely as to the claim regarding the PSI and that this Court has no jurisdiction to hear the issue. Nonetheless, she presents the substantive argument as though it is properly before this Court, when it is not.

Even after the State demonstrated that this Court has no jurisdiction to review the claim, appellate counsel neither filed a reply brief addressing why the issue was properly presented nor a letter withdrawing the issue. Counsel has ethical obligations and nothing in the attorney-client relationship prevents counsel from upholding those obligations. Arguing an issue over which this Court has no jurisdiction and failing to acknowledge such, after it being pointed out, is not consistent with those obligations.

Next, we review whether the district court erred in denying Arnold's Rule 35 motions. In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the records, including any new information submitted with Arnold's Rule 35 motions, we conclude no abuse of discretion has been shown.

## IV.
## CONCLUSION

Because Arnold failed to timely appeal from her judgments of conviction, this Court lacks jurisdiction to consider her PSI redlining argument, thus, that portion of the notice of appeal is dismissed.  The district court did not error in denying her Rule 35 motions.  Therefore, the orders denying Arnold's Rule 35 motions are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.